FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JUN 17 2010

JAMES R LARSEN, CLERK
_____DEPUTY
YAKIMA, WASHINGTON

WILLIAM R. TAMAYO, REGIONAL ATTORNEY
DEBRA SMITH, TRIAL ATTORNEY
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
SAN FRANCISCO DISTRICT OFFICE
350 THE EMBARCADERO, SUITE 500
SAN FRANCISCO, CALIFORNIA 94105-1260
TEL: (415) 625-5650
Debra.Smith@eeoc.gov

JOHN STANLEY, SUPERVISORY TRIAL ATTORNEY
CARMEN FLORES, SENIOR TRIAL ATTORNEY
MAY CHE, TRIAL ATTORNEY
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVENUE, SUITE 400
SEATTLE, WA 98104
TEL: (206) 220-6853
Carmen.Flores@eeoc.gov

ATTORNEYS FOR PLAINTIFF

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br><br>Plaintiff,<br><br>v.<br><br>EVANS FRUIT CO., INC.<br><br>Defendant. | CIVIL ACTION NO. **CV-10-3033-LRS**<br><br>(REDACTED)<br><br>COMPLAINT<br><br>JURY TRIAL DEMAND |

(REDACTED) COMPLAINT- Page 1 of 10

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Seattle Field Office
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882

# NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Charging Parties ("CPs") Jane Doe 1, Jane Doe 2, Jane Doe 3, Class Members ("CMs") Jane Doe 1, Jane Doe 2, Jane Doe 3 and Jane Doe 4, and other similarly situated individuals who were adversely affected by such practices. The Equal Employment Opportunity Commission alleges that defendant, Evans Fruit Co., Inc. ("Evans Fruit"), subjected CP Jane Doe 1, CP Jane Doe 2, CP Jane Doe 3 and a class of similarly situated female employees to a hostile work environment because of sex. As a result of this discrimination, CP Jane Doe 1 and CP Jane Doe 2 were constructively discharged. Plaintiff seeks monetary and injunctive relief, including pecuniary and nonpecuniary compensatory and punitive damages on behalf of CP Jane Doe 1, CP Jane Doe 2, CP Jane Doe 3 and CM Jane Doe 1, CM Jane Doe 2, CM Jane Doe 3 CM Jane Doe 4 and other similarly situated individuals.

# JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Seattle Field Office
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882

sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. sections 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Washington.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) of Title VII, 42 U.S.C. §2000e-5(f)(1).

4. At all relevant times, defendant Evans Fruit has been a corporation continuously doing business in the State of Washington and has continuously had at least 15 employees.

5. At all relevant times, defendant Evans Fruit has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§2000e-(b), (g) and (h).

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Seattle Field Office
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, CP Jane Doe 1, CP Jane Doe 2, and CP Jane Doe 3 filed charges with the Commission alleging violations of Title VII by defendant Evans Fruit. The Commission issued a Letter of Determination for the charges and conciliation failed. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. From at least June 26, 2006 through the present, defendant Evans Fruit has engaged in unlawful employment practices at its facilities in Sunnyside, Washington in violation of §§ 703(a) of Title VII, 42 U.S.C. §§ 2000e-2(a). The practices include subjecting CP Jane Doe 1, CP Jane Doe 2, CP Jane Doe 3, CM Jane Doe 1, CM Jane Doe 2, CM Jane Doe 3, CM Jane Doe 4 and similarly situated female employees to a hostile work environment because of sex; resulting in the constructive discharge of CP Jane Doe 1 and CP Jane Doe 2.

8. The practices complained of in paragraph 7 by CP Jane Doe 1, CP Jane Doe 2, CP Jane Doe 3, CM Jane Doe 1, CM Jane Doe 2, CM Jane Doe 3, CM Jane Doe 4 and other similarly situated female employees were carried out by Juan Marin ("Marin"), the Farm Manager at defendant Evans Fruit, and Marcelo (last name unknown), a supervisor at defendant Evans Fruit. Marin hired and was the

(REDACTED) COMPLAINT- Page 4 of 10

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Seattle Field Office
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882

direct supervisor of the CPs and CMs. CP Jane Doe 1 is the mother of CP Jane Doe 2.

9.  The practices complained of in paragraphs 7 and 8 by CP Jane Doe 1, CP Jane Doe 2, CP Jane Doe 3, CM Jane Doe 1, CM Jane Doe 2, CM Jane Doe 3, CM Jane Doe 4 and similarly situated female employees include, but are not limited to, the following: Marin told CP Jane Doe 1 that she had a very pretty daughter (then aged 16) and that she should give CP Jane Doe 2 to him for sex; Marin frequently told CP Jane Doe 2 that he wanted her sexually, pressed up against her body, and touched her breasts; when CP Jane Doe 1 complained and told Marin to cease the sexual harassment that she observed of her daughter, Marin laughed and told CP Jane Doe 1 that he would take care of her daughter and that she should give her to him; and Marin frequently told CP Jane Doe 3 that she looked attractive, like a "quincenera" ( fifteen year-old), and would hold her hand, squeezing it tight while telling her he wanted her, and offered her free rent or a vehicle if she slept with him. Despite CP Jane Doe 1 repeatedly rejecting Marin's propositions for sex with CP Jane Doe 1's teenage daughter, Marin continued the harassment. Fearing that Marin would sexually abuse the underage girl, CP Jane Doe 1 and CP Jane Doe 2 were forced to constructively discharge.

(REDACTED) COMPLAINT- Page 5 of 10

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Seattle Field Office
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882

10. The practices complained of in paragraphs 7 and 8 by similarly situated CMs include, but are not limited to, the following: Marin also grabbed, hugged, and told other CMs that he wanted them sexually. Marin told CM Jane Doe 1 on a constant basis that he wanted her sexually and would forcibly hug her. Marin told CM Jane Doe 1 that he would support her financially in exchange for a sexual relationship. When CM Jane Doe 1 became romantically involved with another man and later became pregnant, Marin got extremely angry and began telling CM Jane Doe 1's co-workers that the baby was his. Marin propositioned CM Jane Doe 2 for sexual relations on several occasions and offered her money in exchange for having sex with him. On one occasion, Marin reached up and grabbed CM Jane Doe 2's buttocks when she was on a ladder picking apples. When CM Jane Doe 2 became pregnant and gave birth to a son, Marin offered to buy her son on three occasions. Marin offered CM Jane Doe 2 $10,000 on the first two occasions and $12,000 on the third occasion. Marin propositioned CM Jane Doe 3 on numerous occasions during her employment. On one occasion Marin told CM Jane Doe 3 he wanted to go to her house and see her in a mini skirt. Marin would tell CM Jane Doe 3 that he wanted to have children with her, explaining that he already had six women and 18 children. He wanted CM Jane Doe 3 to be his seventh woman.

(REDACTED) COMPLAINT- Page 6 of 10

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Seattle Field Office
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882

11. The practices complained of in paragraphs 7 and 8 by the CMs include, but are not limited to, the following: CM Jane Doe 4 was propositioned for sex on several occasions by her supervisor, crew leader, Marcelo (last name unknown). Because Marcelo was a supervisor he was able to access her cell phone number from her employee record. Marcelo then began to stalk CM Jane Doe 4 by calling her repeatedly. When CM Jane Doe 4 rejected Marcelo's sexual advances, he cut her work hours. CM Jane Doe 4 complained to Marin about Marcelo's sexually threatening behavior and cut in hours. Marin failed to take any corrective measures to stop Marcelo's discriminatory actions.

12. Defendant Evans Fruit did not provide CPs, CMs and other similarly situated individuals with training or policies about sexual harassment and how to report it.

13. The effect of the practices complained of in paragraphs 7-12 above has been to deprive CP Jane Doe 1, CP Jane Doe 2, CP Jane Doe 3, CM Jane Doe 1, CM Jane Doe 2, CM Jane Doe 3 and CM Jane Doe 4, and other similarly situated individuals of equal employment opportunities.

14. The unlawful employment practices complained of in paragraphs 7-12 above were intentional.

(REDACTED) COMPLAINT- Page 7 of 10

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Seattle Field Office
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882

15.  The unlawful employment practices complained of in paragraphs 7-12 above were done with malice or with reckless indifference to the federally protected rights of the CPs, CMs and other similarly situated individuals.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining defendant, its officers, successors, agents, assigns, and all persons in active concert or participation with it, from engaging in any employment practices which discriminate.

B.  Order defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees, and which eradicate the effects of its past and present unlawful employment practices.

C.  Order defendant to make whole CP Jane Doe 1, CP Jane Doe 2, CP Jane Doe 3, CM Jane Doe 1, CM Jane Doe 2, CM Jane Doe 3 and CM Jane Doe 4, and other similarly situated individuals by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7-12 above, including past and future out-of-pocket expenses, in amounts to be determined at trial.

D.  Order defendant to make whole CP Jane Doe 1, CP Jane Doe 2, CP Jane Doe 3, CM Jane Doe 1, CM Jane Doe 2, CM Jane Doe 3 and CM Jane Doe 4,

(REDACTED) COMPLAINT- Page 8 of 10

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Seattle Field Office
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882

and other similarly situated individuals by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 7-12 above, including without limitation emotional pain, suffering, and loss of enjoyment of life, in amounts to be determined at trial.

E. Order defendant to pay CP Jane Doe 1, CP Jane Doe 2, CP Jane Doe 3 CM Jane Doe 1, CM Jane Doe 2, CM Jane Doe 3 and CM Jane Doe 4, and other similarly situated individuals punitive damages for its malicious and reckless conduct described in paragraphs 7-12 above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

///

///

///

///

///

///

///

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Seattle Field Office
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone:  (206) 220-6883
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this 17th day of June, 2010.

| | |
|---|---|
| WILLIAM R. TAMAYO<br>Regional Attorney | P. DAVID LOPEZ<br>General Counsel |
| JOHN STANLEY<br>Supervisory Trial Attorney | JAMES L. LEE<br>Deputy General Counsel |
| CARMEN FLORES<br>Senior Trial Attorney | GWENDOLYN Y. REAMS<br>Associate General Counsel |
| DEBRA SMITH<br>Trial Attorney | |

MAY CHE
Trial Attorney

BY: _____

EQUAL EMPLOYMENT OPPORTUNITY
COMMICMON

| | |
|---|---|
| Seattle District Office<br>909 First Avenue, Suite 400<br>Seattle, Washington 98104<br>Telephone (206) 220-6853 | Office of the General Counsel<br>131 M Street NE, 5th Floor<br>Washington, D.C. 20507 |

Attorneys for Plaintiff

(REDACTED) COMPLAINT- Page 10 of 10

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Seattle Field Office
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882