IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | ) ) ) ) ) ) ) ) ) ) ) | NO. CV-10-3033-LRS<br><br>ORDER GRANTING PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER |
| Plaintiff, | | |
| v. | | |
| EVANS FRUIT CO., INC. | | |
| Defendant. | | |

The Equal Employment Opportunity Commission ("EEOC") filed an Application pursuant to Sections 706(f)(1) and (2), 42 U.S.C. §2000e-5(f)(1) and (2), of the Civil Rights Act of 1964, as amended, and Federal Rule of Civil Procedure 65, requesting a temporary restraining order ("TRO") against Evans Fruit Company ("Evans Fruit") for alleged violations of the anti-retaliation provisions of Section 704(a) of the Act. The Application also seeks an order directing Defendant Evans Fruit to show cause why a preliminary injunction should not be granted. The Application is supported by declarations of (1) Carmen Flores, an attorney employed by the U.S. Equal Employment Opportunity Commission and (2) John Does 1-4, four persons who filed charges of sex discrimination and retaliation against Defendant

ORDER GRANTING PLAINTIFF'S APPLICATION
FOR TEMPORARY RESTRAINING ORDER - 1

Evans Fruit, and witnesses and potential witnesses of such discrimination and retaliation.

Based on the pleadings and declarations, the Court makes the following findings:

1. Plaintiff filed a "Jane Doe" Complaint in *EEOC v. Evans Fruit Company* under seal on June 17, 2010, alleging that Defendant Evans Fruit violated section 703(a), 42 U.S.C. § 2000e-(2)(a), of the Civil Rights Act of 1964 as a result of Juan Marin and other supervisors subjecting the Charging Parties and a class of similarly situated female employees to sexual harassment and a hostile work environment because of sex.

2. Prior to the filing of the Complaint, the EEOC held a meeting on February 10, 2010 in Sunnyside, Washington, to gather evidence from the Charging Parties, Class Members and other potential witnesses who had come to give testimony to the EEOC that purportedly corroborated sexual harassment allegations against Defendant Evans Fruit, Juan Marin and other supervisors, which EEOC had found violated Title VII after its investigation of those allegations in charges filed with the Commission.

3. One or more of the persons attending the meeting observed persons believed to be current Evans Fruit employees taking pictures of the Charging Parties,

Class Members and other meeting participants who had come to give testimony to the EEOC.

4. Charging Party Jane Doe 1 states she was frightened by the presence of individuals she believed to be current Evans Fruit employees in the library because she alleges she had been threatened in 2006 by Juan Marin when she first sought help from the EEOC with regard to filing charges of sexual harassment stemming from Marin's alleged sexual harassment. She claims this threat caused her to change her phone number and become unavailable to the EEOC for an extended period of time.

5. In their affidavits, Ms. Flores and John Does 1 and 2 testify that Juan Marin and certain other Evans Fruit supervisors began a pattern of retaliation against the Charging Parties, Class Members and other potential EEOC witnesses who participated in the February 10, 2010 meeting that has continued to this date, including, among other things, (a) offers to pay money to potential EEOC witnesses for information about the EEOC's efforts to prosecute its case against Evans Fruit; (b) offers to pay money to past and present female Evans Fruit employees for testimony favorable to the Company; and (c) threats and other intimidation tactics to deter potential EEOC witnesses from future cooperation with the Commission; (d) implicit and explicit threats of force and

physical harm to the Charging Parties, Class Members and potential EEOC witness for cooperating with the EEOC; and (e) alleged solicitation of accomplices to commit criminal acts, all of which have assertedly caused the Charging Parties, Class Members and potential witnesses to fear for their safety.

6. As a result of the foregoing, Charging Party Jane Does 1 and 3, Class Member Jane Does 1-4, and potential witnesses John Does 1-4 allege they are fearful for their safety and the safety of their families because of their belief that Defendant Evans Fruit, through Juan Marin and other supervisors and employees, will retaliate or continue to retaliate against them for cooperating with the EEOC and participating in its lawsuit against Defendant Evans Fruit.

7. Based on the foregoing, the court finds that at this juncture, pending the holding of a preliminary injunction hearing, the EEOC is likely to succeed on the underlying sexual discrimination claims, that the balance of the equities tip in favor of the EEOC, and that a temporary restraining order is in the public interest. Moreover, it is likely there will be irreparable injury to the Charging Parties, Class Members and potential witnesses involved in *EEOC v. Evans Fruit Company* if Defendant Evans Fruit, Juan Marin, and certain other supervisors are permitted to continue their alleged witness tampering and

related conduct in that: (a) the Commission's prosecution of its case is likely to be chilled; (b) the Commission's investigation of the retaliation charges now pending against Evans Fruit is likely to be chilled; and (c) current and past Evans Fruit employees are likely to be deterred from exercising their rights under Title VII; and (d) the Charging Parties, Class Members and potential witnesses are likely to suffer damage.

Now, therefore, for good cause shown, it is ORDERED that Evans Fruit Company, Juan Marin, and other supervisors, including, but not limited to, Alberto Sanchez, Simon LNU, and Gustavo LNU, as well as officers, agents, managers and employees of Evans Fruit Company, and any other persons in active concert with Evans Fruit Company, be, and hereby are, temporarily enjoined and restrained until August 31, 2010 and no longer without the further order of this Court, from engaging in or performing the following:

(a)  taking any retaliatory measures or other adverse actions based on retaliatory intent affecting identified Charging Parties, identified and/or reasonably known Class Members, and identified and/or reasonably known potential witnesses, or any of their family members, in *EEOC v. Evans Fruit Company*;

(b)  taking any action calculated to discourage current or past employees of

Evans Fruit from free and open association with any identified Charging Party, identified and/or reasonably known Class Member, or identified and/or reasonably known potential witness in *EEOC v. Evans Fruit Company*;

(c) paying or offering to pay persons for favorable testimony in *EEOC v. Evans Fruit Company* or for information about EEOC's case or investigation of the retaliation charges filed against Evans Fruit Company; and

(d) discharging, firing, terminating, suspending, failing to pay, disciplining or taking any other similar adverse action which has the anticipated or intended effect of precluding or discouraging any current Evans Fruit employee from (I) making charges, testifying, assisting or participating in any proceeding, hearing or investigation under Title VII, including the EEOC's investigation of the pending retaliation charges against Evans Fruit, or (ii) in any manner opposing a practice made unlawful by Title VII; provided, however, that nothing in this Order shall prevent Evans Fruit from making normal and customary hiring and firing decisions in the normal course of business.

It is further ORDERED that Defendant Evans Fruit Company shall distribute

and deliver a copy of this ORDER in English and Spanish to the following entities in the following manner:

    (a) **within three (3) business days of the entry of this order**, arrange for Juan Marin, Simon Ramirez, Antonio Sanchez and similarly situated supervisors at Evans Fruit's Sunnyside facility to be personally served by defense counsel or a third party process server with a copy of the TRO; and for the TRO to be similarly communicated to the Ranch Managers at Mattawa and Yakima, as well as the Warehouse Managers at Yakima, Tieton and Cowiche.

    (b) **within three (3) business days of the entry of this order**, mail or email a copy of the TRO to each of Defendant's officers, directors, managers, officers, agents at their place of business or home;

    (c) **within three (3) business days of the entry of this order**, post a copy of the TRO in English and Spanish on a prominently located bulletin board easily and customarily accessible by employees in the offices of all Evans Fruit facilities; and

    (d) **within twenty one (21) calendar days of the entry of this order**, distribute to each and every current employee of the Sunnyside facility, along with their paychecks, an English and Spanish copy of the TRO;

ORDER GRANTING PLAINTIFF'S APPLICATION
FOR TEMPORARY RESTRAINING ORDER - 7

It is further ORDERED that Defendant Evans Fruit file an affidavit with the Court, two days after the time for distributing notice of the TRO has expired, explaining the means by which it has complied with the Court's Order with respect to the above-enumerated subparagraphs;

It is further ORDERED that Evans Fruit Company appear before this Court on August 31, 2010 at 9:30 a.m., or as soon thereafter as counsel can be heard, and show cause, why, pending the final disposition of the matters in *EEOC v. Evans Fruit Company,* Defendant should not be preliminarily enjoined and restrained in conformance with this Order.

Plaintiff EEOC is to file and serve its brief and affidavits by August 3, 2010. Defendant's brief and affidavits are to be filed and served by August 17, 2010. Plaintiff's reply brief is to be filed and served by August 24, 2010. It is further ORDERED that the Clerk shall immediately serve by electronic transmission via the Court's electronic case filing system, copies of this TRO on counsel for the parties in this matter. The EEOC shall forthwith serve unredacted copies of all filings on counsel for Defendant.

Executed this 24th day of June, 2010.

*s/Lonny R. Suko*

_____
LONNY R. SUKO
CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING PLAINTIFF'S APPLICATION
FOR TEMPORARY RESTRAINING ORDER - 8