IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br><br>　　　　Plaintiff,<br><br>ELODIA SANCHEZ<br><br>　　　　Plaintiff-Intervenor,<br><br>　v.<br><br>EVANS FRUIT CO., INC.<br><br>　　　　Defendant,<br><br>and<br><br>JUAN MARIN and ANGELITA MARIN, a marital community,<br><br>　　　　Defendants-Intervenors. | NO.  CV-10-3033-LRS<br><br>**PRELIMINARY INJUNCTION ORDER** |

　　An evidentiary hearing regarding Plaintiff's Motion For Preliminary Injunction (Ct. Rec. 65) was conducted on September 1, 2, 3 and 7, 2010, and closing argument was heard on September 7.

　　The Complaint filed by Plaintiff Equal Employment Opportunity Commission (EEOC) alleges Defendant Evans Fruit Co., Inc., violated Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a), of the Civil Rights Act of 1964, as amended, as a result of Juan Marin and other supervisors allegedly subjecting

**PRELIMINARY INJUNCTION ORDER - 1**

female employees to sexual harassment and a hostile work environment because of sex. One of those employees, Elodia Sanchez, subsequently intervened as a Plaintiff in this action, alleging individual causes of action against Evans Fruit, and against Juan and Angelita Marin, for sexual harassment under Title VII and under the Washington Law Against Discrimination (WLAD), RCW Chapter 49.60. She also alleges a common law claim for negligent infliction of emotional distress.

For the reasons specified in its "Amended Order Granting Motion For Preliminary Injunction" filed contemporaneously herewith and available in the court's public records, EEOC has met its burden of clearly showing a likelihood of irreparable harm and there are, at a minimum, "serious questions" going to the merits of the sexual harassment/discrimination claims. The EEOC has produced affirmative evidence from which it can be inferred that a chill of Title VII protected activity has occurred or is threatened.

Accordingly, **IT IS HEREBY ORDERED** that Juan Marin and Evans Fruit Company, and officers, agents, managers and employees of Evans Fruit Company, including Alberto Sanchez and Simon Ramirez, and any other persons in active concert with Evans Fruit Company, be, and hereby are, preliminary enjoined, pending final disposition of the captioned matter, from engaging in or performing the following:

(a) taking any retaliatory measures or other adverse actions based on retaliatory intent affecting identified Charging Parties, identified and/or reasonably known Class Members, and identified and/or reasonably known potential witnesses, or any of their family members, in *EEOC v. Evans Fruit Company* (aka "the captioned matter");

**PRELIMINARY INJUNCTION ORDER - 2**

(b) taking any action calculated to discourage current or past employees of Evans Fruit from free and open association with any identified Charging Party, identified and/or reasonably known Class Member, or identified and/or reasonably known potential witness in *EEOC v. Evans Fruit Company*;

(c) paying or offering to pay persons for favorable testimony in *EEOC v. Evans Fruit Company* or for information about EEOC's case or investigation of the retaliation charges filed against Evans Fruit Company; and

(d) discharging, firing, terminating, suspending, failing to pay, disciplining or taking any other similar adverse action which has the anticipated or intended effect of precluding or discouraging any current Evans Fruit employee from (I) making charges, testifying, assisting or participating in any proceeding, hearing or investigation under Title VII, including the EEOC's investigation of the pending retaliation charges against Evans Fruit, or (ii) in any manner opposing a practice made unlawful by Title VII; provided, however, that nothing in this Order shall prevent Evans Fruit from making normal and customary hiring and firing decisions in the normal course of business.

**PRELIMINARY INJUNCTION ORDER - 3**

1   **IT IS SO ORDERED**.  The District Court Executive is directed to enter
2   this Order and forward copies to all counsel of record.
3       **DATED** this   30th    day of November, 2010.
4
5                       *s/Lonny R. Suko*
6                   _____
7                       LONNY R. SUKO
                    Chief United States District Judge
8
...
27  **PRELIMINARY INJUNCTION ORDER - 4**
28