IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br><br>Plaintiff,<br><br>ELODIA SANCHEZ<br><br>Plaintiff-Intervenor,<br><br>v.<br><br>EVANS FRUIT CO., INC.<br><br>Defendant,<br><br>and<br><br>JUAN MARIN and ANGELITA MARIN, a marital community,<br><br>Defendants-Intervenors. | NO. CV-10-3033-LRS<br><br>**ORDER RE MOTION TO STRIKE,** ***INTER ALIA*** |

**BEFORE THE COURT** is the Plaintiff EEOC's Motion To Strike Defendant-Intervenors' Answer To Plaintiff's Complaint, Motion To Dismiss Defendant-Intervenors' Third-Party Complaint, and Motion For Attorneys' Fees And Statutory Damages To Be Imposed (Ct. Rec. 217).

At the outset, the court observes that the Answer, Cross-Complaint and Third-Party Complaint filed by Defendant-Intervenors on November 8, 2010 (Ct. Rec. 195) is still of record, notwithstanding the deficiencies noted by the Clerk's

**ORDER RE MOTION TO STRIKE,** ***INTER ALIA*** -    1

office.

## MOTION TO STRIKE

Plaintiff's Motion To Strike is **GRANTED**. Plaintiff EEOC has not brought an action or asserted any claims against Defendant-Intervenors Juan and Angelita Marin. Accordingly, their "Answer" to the EEOC's Complaint is unnecessary and improper. Pursuant to Fed. R. Civ. P. 12(f), that "Answer" is **STRICKEN**.

## MOTION TO DISMISS

Plaintiff's Motion To Dismiss is **GRANTED**. Because the named Third-Party Defendants, Charging Parties "Jane Doe 1," "Jane Doe 2," and "Jane Doe 3," do not have any potential liability to the Marins for the claims asserted against the Marins in the Complaint In Intervention filed by Elodia Sanchez, impleader of Charging Parties "Jane Doe 1," "Jane Doe 2," and "Jane Doe 3" is improper. Fed. R. Civ. P. 14(a)(1). The Third-Party Complaint is **DISMISSED**.

## MOTION FOR ATTORNEYS' FEES AND STATUTORY DAMAGES

Plaintiff's Motion For Attorneys' Fees And Statutory Damages is **DENIED**. Because the Third-Party Complaint has been dismissed at this very early stage for a fundamental procedural flaw, the named Third-Party Defendants have not been required to defend against the claims asserted against them in the Third-Party Complaint. In turn, the court is unable to ascertain whether there has been any "bad faith" on the part of the named Third-Party Defendants such as would preclude an award of statutory damages. Accordingly, the court cannot and will

**ORDER RE MOTION
TO STRIKE,** *INTER ALIA* **-         2**

not award attorneys' fees and statutory damages pursuant to RCW 4.24.510.

Plaintiff EEOC's Motion (Ct. Rec. 217) is **GRANTED in part** and **DENIED in part** as set forth above. Defendant-Intervenors' pleading (Ct. Rec. 195) remains effective to the extent it provides an "Answer" to the Complaint In Intervention filed by Elodia Sanchez and asserts a "Cross-Complaint" (counterclaims) against Sanchez.[1]

**IT IS SO ORDERED**. The District Court Executive is directed to enter this Order and forward copies to all counsel of record.

**DATED** this  10th  day of March, 2011.

*s/Lonny R. Suko*

LONNY R. SUKO
United States District Judge

---

[1] Assuming the claims asserted in the "Cross-Complaint" are compulsory or permissive counterclaims under Fed. R. Civ. P. 13(a) and (b), there is no need for service of the same as they are part of the Marins' "Answer" filed in response to the Complaint In Intervention filed by Elodia Sanchez.

**ORDER RE MOTION TO STRIKE,** *INTER ALIA* **-            3**