IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br><br>    Plaintiff,<br><br>ELODIA SANCHEZ<br><br>    Plaintiff-Intervenor,<br><br>    v.<br><br>EVANS FRUIT CO., INC.<br><br>    Defendant,<br><br>and<br><br>JUAN MARIN and ANGELITA MARIN, a marital community,<br><br>    Defendants-Intervenors. | NO. CV-10-3033-LRS<br><br>**ORDER BIFURCATING TRIAL AND DENYING MOTION FOR PROTECTION ORDER** |

In its "Order Re Motion For Protection Order' (ECF No. 266), filed April 11, 2011, this court found that immigration status is relevant to calculation of certain actual pecuniary damages (i.e., back pay), but proposed a bifurcation where there would be separate trials on liability and damages. Because immigration status is irrelevant to liability, the court concluded there was significant danger that evidence of the same admitted at a single trial on both liability and damages could interfere with the jury's duty to engage in reasoned

**ORDER BIFURCATING TRIAL,** *INTER ALIA*-         **1**

deliberation regarding liability. The court directed the parties to serve and file memoranda regarding its proposed bifurcation. Plaintiff-Intervenor's "Motion For Protection Order" (Ct. Rec. 246) was stayed pending the court's determination regarding bifurcation.

**BIFURCATION**

Plaintiff-Intervenor states that in order to avoid bifurcation, which she contends "would be overly burdensome given the class nature of the case and the fact that Plaintiff-Intervenor is the only plaintiff asserting back pay," she is willing to withdraw her claim for back pay. Furthermore, in an effort to avoid having to disclose private medical information, Plaintiff-Intervenor says she is willing to withdraw her claim for Negligent Infliction of Emotional Distress (NIED).

Plaintiff EEOC asserts the issue of bifurcation is moot in light of Plaintiff-Intervenor's willingness to withdraw her back pay and NIED claims, and this court's finding that immigration status is irrelevant to liability and non-pecuniary damages. EEOC says it is appropriate that "one jury should evaluate evidence as to all liability claims and all claims for non-pecuniary compensatory damages and punitive damages." The EEOC's response suggests that it is also willing to withdraw pecuniary damages claims on behalf of the complaining parties it represents. Such claims are clearly asserted in the EEOC's Complaint (ECF No. 1 at p. 8, Paragraph C.): "[C]ompensation for past and future pecuniary losses, including past and future out-of-pocket expenses."

Defendant Evans Fruit Co. asks that the trial "be phased such that a single jury will hear evidence on liability and, if necessary, the same jury will

**ORDER BIFURCATING TRIAL,** *INTER ALIA*-          2

immediately hear evidence on damages." Defendant contends immigration status is relevant not only to claims for pecuniary loss, but also to claims for emotional distress.

In a footnote in its previous order, the court deemed immigration status "clearly irrelevant to non-pecuniary losses, such as emotional distress damages." (ECF No. 266 at p. 3, fn. 1). Upon further consideration, including examination of the authorities cited by Defendant, the court concludes immigration status does have potential relevance to emotional distress damages, although whether it is admitted into evidence at trial will depend on whether its probative value is outweighed by its risk of unfair prejudice, Fed. R. Evid. 403, and whether a limiting instruction will be adequate to prevent unfair prejudice. Admissibility need not be determined now. That said, because immigration status has potential relevance to damages, it is a legitimate area of discovery and the court will allow the same, subject to an appropriate protective order which ensures the information obtained remains confidential.

Immigration status is irrelevant to the liability determination jurors will need to make. In order to avoid even the remotest possibility of such information tainting the liability determination, the first phase of the trial will be restricted to liability issues only. At this juncture, the court sees no reason why any evidence of immigration status would be admissible in the first (liability) phase of trial. If the jury determines there is liability, it will then be presented with evidence in a second phase dedicated to determination of compensatory and punitive damages. A single jury will determine both liability and damages, albeit in two separate phases. The court declines to bifurcate liability and damages discovery, considering the expense and inefficiencies that would be

**ORDER BIFURCATING TRIAL,** *INTER ALIA***-**                3

involved in Defendant re-deposing the same claimants after any finding of liability.

Because the court has settled upon this manner of bifurcation, it will not consider back pay claims to have been withdrawn by Plaintiff-Intervenor and the EEOC, and they may proceed with those claims in the second (damages) phase of the trial. Of course, claims for emotional distress damages are also preserved for the second (damages) phase of the trial. Plaintiff-Intervenor has asserted an NIED claim which is not merely an element of damages, but an independent basis of tort liability. Recovery pursuant to an NIED claim cannot be had where the factual basis for that claim is the same as the sexual harassment or discrimination claim. *Haubry v. Snow*, 106 Wn.App. 666, 678, 31 P.3d 1186 (2001). Because the factual basis for Plaintiff-Intervenor's NIED claim is the same as her WLAD sexual discrimination claim, her avenue for recovery is limited to her sexual discrimination claim and her NIED claim will not be at issue in the first phase of the trial dealing with liability. If the jury finds in the first phase that Defendant is liable to the Plaintiff-Intervenor on her sexual discrimination claim, it will determine in the second phase of the trial the amount of emotional distress damages to which Plaintiff-Intervenor is entitled.

## DISCOVERY

Because the court assumes pecuniary damages claims will remain in this case, and because of the relevance of immigration status to pecuniary and non-pecuniary damages issues to be litigated in the second phase of the trial, Plaintiff-Intervenor shall provide complete answers to Interrogatory Nos. 1, 3, 4, 5 and 6, and Requests For Production Nos. 1 (tax records), 4 (claims), and

**ORDER BIFURCATING TRIAL,** *INTER ALIA*-  4

6(work authorization documents).

The court also directs Plaintiff-Intervenor to answer Interrogatory No. 12 asking her to identify all health care professionals who have treated or examined her since January 1, 2000. Plaintiff-Intervenor has put her medical condition into issue by seeking emotional distress damages. The fact she has not seen a mental health provider and there are no specific mental health records pertaining to Plaintiff-Intervenor is not dispositive. It is possible Plaintiff-Intervenor's mental condition has been addressed by other health care practitioners who have treated or examined her. Plaintiff-Intervenor indicates her emotional distress has included physical manifestations such as headaches and nosebleeds. (Ex. B to ECF No. 261 at pp. 10-11). Moreover, the possibility exists that Plaintiff-Intervenor has health issues which have arguably contributed to emotional distress she has experienced or is experiencing.

Defendant's Interrogatory No. 2 asks the Plaintiff-Intervenor to identify all home phone and cell phone numbers she has used since January 1, 2006. Request For Production No. 7 asks Plaintiff-Intervenor to produce copies of cell phone records from January 1, 2006. The apparent reason for Defendant seeking this information, as well as all addresses at which the Plaintiff-Intervenor has resided since January 1, 2006[1], is to determine whether 911 domestic dispute calls were made by the Plaintiff-Intervenor. The court recalls that at the preliminary injunction hearing, there was questioning of the Plaintiff-Intervenor and at least one other witness regarding this issue. As this issue may lead to admissible evidence regarding potential contributors to Plaintiff-

---

[1] The addresses are the subject of Interrogatory No. 1.

**ORDER BIFURCATING TRIAL, *INTER ALIA*-**            5

Intervenor's alleged emotional distress, the court will also direct that complete answers be provided to Interrogatory No. 2 and Request For Production No. 7.

**CONCLUSION**

Trial in this matter will be bifurcated as set forth above. Plaintiff-Intervenor's Motion For Protection Order (ECF No. 246) is **DENIED**. The answers and the documents sought shall be provided within fifteen (15) days of the date of this order, subject to an agreed protective order which ensures the confidentiality of the same and prohibits its use outside of this litigation. If the parties cannot agree on a protective order, they will notify the court and it will resolve the dispute.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this order and to provide copies to counsel of record.

**DATED** this ___25th___ day of May, 2011.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
United States District Court Judge

**ORDER BIFURCATING TRIAL,** *INTER ALIA***-**                6