William R. Tamayo, Regional Attorney
John Stanley, Supervisory Trial Attorney
Jamal Whitehead, Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
  COMMISSION
Seattle Field Office
909 First Avenue, Suite 400
Seattle, WA 98104
Tel: 206.220.6884
Attorneys for Plaintiff

HONORABLE LONNY R. SUKO

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WASHINGTON
# AT YAKIMA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　Plaintiff,<br><br>ELODIA SANCHEZ<br><br>　　Plaintiff-Intervenor,<br><br>　　v.<br><br>EVANS FRUIT CO., INC.<br><br>　　Defendant,<br><br>and<br><br>JUAN MARIN and ANGELITA MARIN, a marital community,<br><br>　　Defendants-Intervenors. | No. 10-CV-3033-LRS<br><br>**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR RECONSIDERATION OF PLAINTIFF-INTERVENOR'S MOTION FOR A PROTECTION ORDER** |

In this reply, plaintiffs forgo a tit-for-tat rebuttal of defendant's response and stand primarily on their earlier briefing instead. Five issues raised by Evans Fruit, however, merit special attention. Plaintiffs seek to explore these issues as succinctly as possible in the pages that follow.

First, plaintiffs have complied with the letter and spirit of the Court's May 25th Order. The Order contemplated production of the disputed discovery materials within 15 days of the Order's issue, but the Court conditioned plaintiff-intervenor's performance upon entry of a protective order first. In the event the parties could not agree to a protective order—and plaintiffs could not for the reasons detailed in their moving papers and below—the Order instructed the parties to notify the Court. Plaintiffs have so notified the Court through their motion for reconsideration, which argues in part that no protective order can ameliorate the harm to public and private interests caused by permitting inquiry into immigration matters. Resolving this question necessarily precedes plaintiff-intervenor's production of the discovery sought by defendants.

Second, law and equity justify plaintiffs' motion for reconsideration because the Court reversed its original position concerning the irrelevance of immigration status with input from Evans Fruit only. Evans Fruit acknowledges the Court's earlier statement that immigration status is "clearly irrelevant" to emotional distress damages, but dismisses its practical effect: plaintiffs ceased arguing the

**REPLY ISO PL.'S MOT. FOR RECONS.  (10-CV-3033-LRS)- 1**

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
*SEATTLE FIELD OFFICE*
909 FIRST AVENUE, SUITE 400
SEATTLE, WASHINGTON 98104-1061
(206) 220-6883

issue after it justifiably appeared settled. Plaintiffs should not be denied the opportunity to address this matter after the Court later reconsidered its position without input from all parties.

Third, while Evans Fruit made passing reference to immigration status in an earlier brief, its first legal argument concerning the relevance of immigration matters on emotional damages appeared in response to the Court's April 11th Order. In appellate practice, a brief's mere mention of a claim without sufficient argument or citation of authorities in support thereof will not be considered by the reviewing court. *See, e.g., United States v. Zannino,* 895 F.2d 1, 17 (1st Cir.1990) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived."); *Milligan v. Thompson,* 110 Wn. App. 628, 634, 42 P.3d 418 (2002). In this way, naked claims—those lacking sufficient discussion, argument, or supporting citations—are not cognizable "legal arguments." *See id.* Here, Evans Fruit merely mentioned immigration status in a section of an earlier brief dealing with discovery of medical records. (ECF No. 260 at pp. 15-18). The main reference is found within a single sentence offering a three-part exemplar of "life stressors," and is entirely devoid of targeted discussion, argument, or supporting authority regarding the relevance of immigration status to emotional damages. *Id.*

Fourth, Evans Fruit's arguments concerning the sufficiency of its draft

**REPLY ISO PL.'S MOT. FOR RECONS. (10-CV-3033-LRS)- 2**

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
*SEATTLE FIELD OFFICE*
909 FIRST AVENUE, SUITE 400
SEATTLE, WASHINGTON 98104-1061
(206) 220-6883

protective order confuse and obscure the central issue raised by plaintiffs' motion for reconsideration—inquiries into immigration status have a significant chilling effect on the willingness of Title VII claimants to pursue discrimination charges. (ECF 278 at pp. 3-6).  Thus, as plaintiffs argue in the underlying motion, "Confidential" or "Highly Confidential—Attorneys Eyes Only" designations do not offset the primary concerns raised by the Ninth Circuit in *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1064, 1065, fn. 5 (9th Cir. 2004). Any right that defendant may have to inquire about marginally probative immigration information is offset and outweighed by the chilling effect on private and public interests.  *See id.* Argument and authority refuting these points—the core of plaintiffs' argument—is conspicuously absent from defendant's scattershot response.

      Moreover, Ms. Sanchez and the other claimants are ill protected even if, assuming for the sake of argument, the parties were subject to the protective order proposed by defendants.  Under the scheme devised by Evans Fruit, materials deemed "CONFIDENTIAL" may be shared with "any employee or former employee" of Evans Fruit or any witness as part this lawsuit.  Gonzalez Decl. at pp. 11-12.  Similarly, materials deemed "HIGHLY CONFIDENTIAL" or "attorneys' eyes only" are still accessible by at least five categories of people outside of the attorneys in this suit.  *Id.* at pp. 12-13.  Under either designation, the risk is more than *de minimis* that immigration information could be used to inflict

REPLY ISO PL.'S MOT. FOR RECONS.  (10-CV-3033-LRS)- 3

EQUAL EMPLOYMENT OPPORTUNITY  COMMISSION
*SEATTLE FIELD OFFICE*
909 FIRST AVENUE, SUITE 400
SEATTLE, WASHINGTON  98104-1061
(206) 220-6883

the harms described in *NIBCO* on documented and undocumented workers alike. *NIBCO,* 364 F.3d at 1064-65. Confronted with this reality, the old aphorism that "an ounce of prevention is worth a pound of cure" rings true.

Lastly, even as a nonparty, Rebecca Smith's declaration is properly before the Court and may be considered as competent evidence of plaintiffs' claim that inquiries into immigration status have a chilling effect on immigrant people. *See, e.g., Nat'l Org. for Reform of Marijuana Laws (NORML) v. Mullen*, 608 F.Supp. 945, 950 (D.C.Cal. 1985). Indeed, any person is qualified to make a declaration in support of a motion, so long as he or she possesses personal knowledge of the matters set forth in the declaration. *See* 56 Mitchell J. Waldman, American Jurisprudence, Motions, Rules, and Orders § 23 (2d ed.). Evans Fruit cites no authority to the contrary.

In this case, Ms. Smith's declaration is based entirely on her personal knowledge and experiences representing low-wage and immigrant workers, and demonstrates that she is competent to testify, if called upon, on the matters stated in her declaration. The Court may consider Ms. Smith's declaration and, using its wisdom and experience, decide what weight to accord her statements. Striking her declaration outright, however, is unwarranted.

In conclusion, permitting inquiry into immigration matters will unacceptably burden public and private interests in pursuing Title VII charges. To avoid this

**REPLY ISO PL.'S MOT. FOR RECONS. (10-CV-3033-LRS)- 4**

manifestly unjust result, plaintiffs respectfully urge the Court to reconsider its May 25th Order and prohibit inquiry into immigration status.

DATED this 17th day of June, 2011.

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

| | |
|---|---|
| WILLIAM TAMAYO<br>Regional Attorney | P. DAVID LOPEZ<br>General Counsel |
| JOHN STANLEY<br>Supervisory Trial Attorney | JAMES L. LEE<br>Deputy General Counsel |
| CARMEN FLORES<br>Senior Trial Attorney | GWENDOLYN Y. REAMS<br>Associate General Counsel |
| MAY CHE<br>Senior Trial Attorney | OFFICE OF THE GENERAL COUNSEL<br>131 M Street, NE<br>Washington, D.C.  20507 |
| JAMAL N. WHITEHEAD<br>Senior Trial Attorney | |

BY:   *s/Jamal Whitehead*
          Jamal Whitehead

*Attorneys for Plaintiffs*

NORTHWEST JUSTICE PROJECT

AND
BY:   *s/ Blanca E. Rodriguez*
          Blanca Rodriguez, WSBA #27745
          Northwest Justice Project
          510 Larson Building
          6 S. Second Street
          Yakima, WA 98901
          Tel: 509.574.4234

**REPLY ISO PL.'S MOT. FOR RECONS.  (10-CV-3033-LRS)- 5**

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
*SEATTLE FIELD OFFICE*
909 FIRST AVENUE, SUITE 400
SEATTLE, WASHINGTON  98104-1061
(206) 220-6883

1 | blancar@nwjustice.org
2 | *Attorney for Plaintiff-Intervenor*

**REPLY ISO PL.'S MOT. FOR RECONS.  (10-CV-3033-LRS)- 6**

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
*SEATTLE FIELD OFFICE*
909 FIRST AVENUE, SUITE 400
SEATTLE, WASHINGTON  98104-1061
(206) 220-6883

# CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2011, I electronically filed the foregoing document titled "**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR RECONSIDERATION OF PLAINTIFF-INTERVENOR'S MOTION FOR A PROTECTION ORDER**" with the Clerk of the Court using the CMF/ECF system, which will send notice of such filing to the following individuals listed below:

| | |
|---|---|
| Carolyn Cairns | cc@stokeslaw.com |
| Brendan V. Monahan | bvm@stokeslaw.com |
| Justo G. Gonzalez | jgg@stokeslaw.com |
| Sarah L. Wixson | slw@stokeslaw.com |

Stokes Lawrence
Velikanje Moore & Shore
120 N. Naches Avenue
Yakima, WA 98901-2757
Tel: 509.853.3000

Attorneys for Defendant

Daniel Robbins Case    rob@lbplaw.com
Larson Berg & Perkins PLLC
105 North 3rd Street
PO Box 550
Yakima, WA 98907
Tel: 509.457.1515

Attorneys for Defendants-Intervenors

*s/ Victoria Richardson*
EEOC Paralegal

**CERTIFICATE OF SERVICE (10-CV-03033-LRS)**