IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br><br>    Plaintiff,<br><br>ELODIA SANCHEZ<br><br>    Plaintiff-Intervenor,<br><br>    v.<br><br>EVANS FRUIT CO., INC.<br><br>    Defendant,<br><br>and<br><br>JUAN MARIN and ANGELITA MARIN, a marital community,<br><br>    Defendants-Intervenors. | NO. CV-10-3033-LRS<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

**BEFORE THE COURT** is the Plaintiffs' Motion For Reconsideration (ECF No. 276). Plaintiffs, including Plaintiff-Intervenor, ask the court to reconsider its "Order Bifurcating Trial And Denying Motion For Protection Order" (ECF No. 274), filed May 25, 2011. This motion is heard without oral argument following the completion of expedited briefing by the parties.

**ORDER DENYING MOTION FOR RECONSIDERATION-**      1

Plaintiff EEOC makes now explicit what it previously contends was "implicitly clear:" it is seeking non-pecuniary damages only on behalf of its class members. Because Plaintiff-Intervenor likewise is seeking only non-pecuniary damages, the sole issue on reconsideration with regard to immigration status is whether it is relevant to emotional distress damages and therefore, subject to discovery.

Fed. R. Civ. P. 26(b) states that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." In its May 25 order, the court stated:

> In a footnote in its previous order, the court deemed immigration status "clearly irrelevant to non-pecuniary losses, such as emotional distress damages." (ECF No. 266 at p. 3, fn. 1). Upon further consideration, including examination of the authorities cited by Defendant, the court concludes immigration status does have potential relevance to emotional distress damages, although whether it is admitted into evidence at trial will depend on whether its probative value is outweighed by its risk of unfair prejudice, Fed. R. Evid. 403, and whether a limiting instruction will be adequate to prevent unfair prejudice. Admissibility need not be determined now. That said, because immigration status has potential relevance to damages, it is a legitimate area of discovery and the court will allow the same, subject to an appropriate protective order which ensures the information obtained remains confidential.

Recognizing there is no case law, whether in the Ninth Circuit or elsewhere, flatly declaring immigration status irrelevant to the issue of damages, including emotional distress damages, Plaintiffs contend reconsideration is warranted, not because the court committed a "clear error," but because "manifest injustice will result if discovery is permitted into the immigration status of Ms. Sanchez and the

**ORDER DENYING MOTION FOR RECONSIDERATION-    2**

Commission's class members."[1]  A Fed. R. Civ. P. 59(e) motion for reconsideration can only be granted when a district court: (1) is presented with newly discovered evidence; or (2) committed clear error or the initial decision was manifestly unjust; or (3) there has been an intervening change in controlling law. *Dixon v. Wallowa County*, 336 F.3d 1013, 1022 (9th Cir. 2003).

This court is very aware of the concern that permitting employers to inquire into workers' immigration status may have a chilling effect on the bringing of civil rights actions to remedy discrimination in the workplace.  It is for that very reason the court considered bifurcation, not only of the trial into separate liability and damages phases, but also bifurcation of discovery into separate liability and damages phases.  If discovery were bifurcated, there would be no inquiry into immigration status until liability had already been established.  The court declined to bifurcate discovery, however, in light of the expense and inefficiencies that would be involved in Defendant having to re-depose the same claimants after any finding of liability.  Furthermore, the court continues to believe an appropriate protective order should be sufficient to strictly limit those who have access to immigration status information obtained from Plaintiffs.  Defendant has proposed

---

[1] Plaintiffs cite *EEOC v. First Wireless Grp. Inc.*, 2007 WL 586720 (E.D.N.Y. 2007), as a decision "in which the court precluded inquiry into immigration status in connection to an emotional distress claim because status was of secondary importance in the Title VII case."  Actually, the court did not preclude the possibility of allowing inquiry into immigration status as to whether it contributed to emotional distress damages of the claimants: "[T]he Court finds that at this time, the potential harm to Claimants still outweighs any interest in finding out Claimants' immigration status especially at the liability stage of the litigation. **This information, however, may become relevant at subsequent stages of litigation, i.e., determination of damages**." *Id*. at *4 (emphasis added).

**ORDER DENYING MOTION**
**FOR RECONSIDERATION-        3**

a "Stipulation And Protective Order" (ECF No. 287) which would classify immigration status information as "Highly Confidential- Attorneys Eyes Only," subject to review only by a very limited number of individuals.  This appears to provide the necessary protection to insure the information is not leaked to:   Evans Fruit Co. and any of its managers and employees; any other current employers  or potential employers of the Plaintiffs; and to any governmental agency other than the EEOC.  Furthermore, the court anticipates that depositions of claimants will be attended only by counsel.

      Plaintiffs contend they have asserted only "garden variety" emotional distress claims that do not require medical treatment and involve ordinary and commonplace emotional distress which can be adequately established through the testimony of the individual claimants without inquiry into immigration status and without review of medical records.  There are district court decisions holding that a plaintiff asserting a "garden variety" emotional distress claim does not place his or her mental condition in issue so as to warrant a Fed. R. Civ. P. 35(a) examination.  There is no indication here that Defendant is seeking an independent medical examination of any of the claimants.  Furthermore, Plaintiff-Intervenor's claim for emotional distress damages does not appear to be "garden variety" as she asserts her emotional distress has been physically manifested by headaches and nosebleeds.

      This court's determination of the relevancy of immigration status and medical records to claims for emotional distress damages is based on Fed. R. Civ. P. 26, not on the "in controversy" standard for an independent medical examination under Fed. R. Civ. P. 35.  The only source of compensatory damages the Plaintiffs are seeking are emotional distress damages.  It is clear the Plaintiffs

**ORDER DENYING MOTION**
**FOR RECONSIDERATION-       4**

are seeking more than mere nominal damages. In *EEOC v. California Psychiatric Transitions*, 258 F.R.D. 391 (E.D. Cal. 2009), the court required a claimant asserting sexual harassment and retaliation claims under Title VII to produce her medical records where the only remedy the EEOC was seeking on behalf of the claimant was for emotional distress damages. According to the court:

> To protect the records would allow Plaintiff to proceed with a claim on unequal terms. If the EEOC wants a jury to compensate Plaintiff for emotional distress, Defendant should be able to explore in discovery other circumstances that may have caused the injury. The court can be the gatekeeper of the ultimate admissibility of the evidence through a Rule 403 balancing analysis at trial. A protective order , and a direction that any of the disclosed material filed with the court must be done under seal, will protect Ms. Kennedy's privacy rights.

*Id*. at 400. See also *Sandoval v. American Building Maintenance Industries, Inc.*, 267 F.R.D. 257, 268-70 (D. Minn. 2007)(Defendants in Title VII action in which Plaintiffs sought compensatory damages only for emotional distress were entitled to discover medical records reflecting mental health issues and the manifestation of those mental health issues).

For the reasons set forth above, the court concludes a "manifest injustice" will not result by requiring the Plaintiff-Intervenor to comply with the Defendant's discovery requests,[2] subject to the protective order proposed by Defendant and subject to the bifurcation of trial on liability and damages as ordered by the court. Plaintiffs' Motion For Reconsideration (ECF No. 276) is **DENIED**. The answers and the documents sought shall be provided by Plaintiff-Intervenor within ten (10) days of the date of this order, subject to the Defendant's proposed protective order

---

  [2] There are no particular discovery requests currently at issue between Plaintiff EEOC and the Defendant.

**ORDER DENYING MOTION
FOR RECONSIDERATION-          5**

which this court intends to enter simultaneously with this order. As noted previously, questions concerning admissibility of immigration status are expressly reserved until trial herein.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this order and to provide copies to counsel of record.

**DATED** this ___21st___ day of June, 2011.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
United States District Court Judge

**ORDER DENYING MOTION FOR RECONSIDERATION-** 6