1  CAROLYN CAIRNS (WSBA #10856)
   BRENDAN V. MONAHAN (WSBA #22315)
2  JUSTO G. GONZALEZ (WSBA #39127)
   SARAH L. WIXSON (WSBA #28423)
3  STOKES LAWRENCE
   VELIKANJE MOORE & SHORE
4  120 N. Naches Avenue
   Yakima, Washington 98901-2757
5  (509) 853-3000

6

7                    UNITED STATES DISTRICT COURT
8                    EASTERN DISTRICT OF WASHINGTON

9  EQUAL EMPLOYMENT
   OPPORTUNITY COMMISSION,          Case No.:  CV-10-3033 LRS
10
              Plaintiff,             PROTECTIVE ORDER
11
   and
12
   ELODIA SANCHEZ,
13
              Plaintiff-Intervenor,
14
          v.
15
   EVANS FRUIT CO., INC.,
16
              Defendant,
17
   and
18
   JUAN MARIN and ANGELITA
19 MARIN, a marital community,
20            Defendants-Intervenors.
21

22       The terms and conditions of this Order shall govern the handling of certain

23 information contained in documents, discovery responses, depositions, pleadings,

24

PROTECTIVE ORDER - 1

exhibits, and all other information or things produced or disclosed by any party or a third party ("Producing Party") in this litigation.

1.  **Categories of Confidential Information**. A Producing Party shall have the right to designate documents and information it produces as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" pursuant to this Order and materials designated as such will be referred to as "Designated Materials."

a.  CONFIDENTIAL. Materials marked "CONFIDENTIAL" shall be those materials, including any document, file, portion of file, transcribed testimony or other material that the designating party in good faith reasonable believes to comprise non-public information of a competitively sensitive, proprietary, financial, or trade secret nature, or to involve privacy interests.

b.  HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY. Materials marked "HIGHLY CONFIDENTIAL" shall be those materials, including any document, file, portion of file, transcribed testimony or other material that the designating party in good faith reasonably believes (1) to comprise non-public information of a competitively sensitive, proprietary, financial, or trade secret nature, or to involve privacy interests and (2) that disclosure of such information to opposing parties or other persons may be detrimental.

2.  **Designation of Information Produced.** A Producing Party shall designate information and/or records as CONFIDENTIAL or HIGHLY CONFIDENTIAL by marking the applicable designation thereon in a size and location which makes the designation readily apparent. In the case of depositions, any party may designate information disclosed at a deposition as CONFIDENTIAL or HIGHLY

PROTECTIVE ORDER - 2

CONFIDENTIAL by requesting the reporter to so designate the transcript or any portion thereof at the time of the deposition. If no such designation is made at the time of the deposition, any party will have thirty (30) calendar days after receipt of the deposition transcript and exhibits to designate, in writing to the other parties and to the court reporter, whether the transcript or any portion thereof, is to be designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL. If no such designation is made at the time of the deposition or within this thirty (30) calendar day period (during which period, the transcript must be treated as HIGHLY CONFIDENTIAL for the first ten (10) calendar days and as CONFIDENTIAL for the remainder of the thirty (30) days), the entire transcript will be considered devoid of CONFIDENTIAL or HIGHLY CONFIDENTIAL information. Each party and the court reporter must attach a copy of any final and timely written designation notice to the transcript and each copy of the transcript in its possession, custody or control, and the portions designated in such notice must thereafter be treated in accordance with this Order. It is the responsibility of counsel for each party to maintain materials containing CONFIDENTIAL or HIGHLY CONFIDENTIAL information in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as permitted under this Order. The parties shall cooperate to the extent reasonable to segregate Designated Material within a transcript (and exhibits, if applicable) into a separate document or transcript.

      a.    <u>Inadvertent Failure to Designate Confidential Information</u>. An inadvertent failure to designate qualified information as CONFIDENTIAL or HIGHLY CONFIDENTIAL at the time of its disclosure, does not, standing alone, waive the

PROTECTIVE ORDER - 3

STOKES LAWRENCE
VELIKANJE MOORE & SHORE
120 N. NACHES AVENUE
YAKIMA, WASHINGTON 98901-2757
(509) 853-3000

Producing Party's right to secure protection under this Order for such materials. If material is designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL after it is initially produced, the receiving parties, on timely notification of the designation, must make reasonable efforts to assure that the Designated Materials are treated in accordance with the provisions of this Order.

   3.   **CONFIDENTIAL Restrictions.** Information designated as CONFIDENTIAL shall be used by the receiving parties solely for the purposes of this litigation, and may be disclosed only to the following persons:

   a.   any employee or former employee of a party to whom it is deemed necessary that the designated materials be shown for purpose of the litigation, provided that such employee or former employee shall be advised that he or she is subject to the terms of this Order before being provided designated materials;

   b.   counsel for the respective parties, and employees and independent contractors for counsel that are engaged in work necessary to assist in this litigation. "Counsel" shall mean the attorneys and their firms who have entered an appearance in this case as of the date this Order is executed by the parties;

   c.   third-party experts or consultants, and the employees of such experts and consultants who are assisting them, engaged by counsel or a party to assist in this litigation who have signed a written acknowledgement, in the form attached as Exhibit A, that they are bound by this Order.

   d.   a witness in the course of deposition, hearing, or trial testimony where counsel has a reasonable and good faith belief that examination with respect to the designated material is necessary, provided that the witness agrees to be bound by the

**STOKES LAWRENCE**
**VELIKANJE MOORE & SHORE**
120 N. NACHES AVENUE
YAKIMA, WASHINGTON  98901-2757
(509) 853-3000

terms of this Order and that the witness may not retain copies of designated material unless permitted by the provisions of this Order;

        e.    the author of the document and anyone shown on the document as having received it in the ordinary course of business;

        f.    court reporters and persons preparing transcripts of depositions;

        g.    the Court, Court personnel, and jurors or potential jurors;

        h.    any designated arbitrator or mediator who is assigned to hear this matter, or who has been selected by the parties, and his or her staff; and

        i.    any other person only upon order of the Court or upon stipulation of the Producing Party, in writing or on the record of a deposition, hearing or trial.

    4.    **HIGHLY CONFIDENTIAL Restrictions.** Information designated as HIGHLY CONFIDENTIAL shall be used by the Receiving Party solely for the purposes of this litigation and may be disclosed only to the following persons:

    a.    counsel for the respective parties, and employees and independent contractors for counsel that are engaged in work necessary to assist in this litigation;

    b.    third-party experts or consultants, and the employees of such experts and consultants who are assisting them, engaged by counsel or a party to assist in this litigation who have signed a written acknowledgement, in the form attached as Exhibit A, that they are bound by this Order;

    c.    the author of the document and anyone shown on the document as having received it in the ordinary course of business;

    d.    employees of the Producing Party;

    e.    court reporters and persons preparing transcripts of depositions;

    f.    the Court, Court personnel, and jurors or potential jurors;

    g.    any designated arbitrator or mediator who is assigned to hear this matter, or

PROTECTIVE ORDER - 5

who has been selected by the parties, and his or her staff; and

h.    any other person only upon order of the Court or upon stipulation of the Producing Party, in writing or on the record of a deposition, hearing or trial.

5.    The persons described in Paragraphs 3(c) and 4(b) shall have access to Designated Materials once they have been made aware of the provisions of this Order and have manifested their assent to be bound thereby by signing a copy of the annexed ACKNOWLEDGMENT. Such persons are enjoined from disclosing Designated Materials to any person, except in conformance with this Order. This Order does not require the disclosure of experts other than as required by the Federal Rules of Civil Procedure.

6.    **Subsequent Designation Challenges.** A party shall not be obligated to challenge the propriety of a CONFIDENTIAL or HIGHLY CONFIDENTIAL designation at the time made and failure to do so shall not preclude a subsequent challenge thereto during the pendency of this litigation.

7.    **Written Notice for Disagreement on Designation.** In the event that any party disagrees with a Producing Party's designation, such disagreeing party shall provide the Producing Party written notice of its disagreement and the reasons for such disagreement. The parties shall meet and confer to try to resolve the disagreement within seven (7) days. If the dispute is not resolved after such time then the Producing Party shall file a motion with the Court within seven (7) days. Designated Material shall retain its designated status until such time as (a) the parties expressly agree otherwise in writing; or (b) the Court orders otherwise, unless such order is stayed pending appellate review.

PROTECTIVE ORDER - 6

8.     **Redacted Filings.** Designated Material shall not be filed with the Court unless it is necessary to do so for purposes of trial, motions for summary judgment, or other matters. A party that files with the Court, or seeks to use at trial, Designated Materials, shall submit to the Court a redacted filing pursuant to the Administrative Procedures for Electronic Case Filing in Civil Cases (ECF Version 4.0) for the United States District Court for the Eastern District of Washington. A party that files with the Court, or seeks to use at trial, Designated Materials designated by anyone other than herself, himself or itself, and who does not seek to have the record containing such information sealed, shall comply with <u>either</u> of the following requirements:

a.     At least five (5) business days prior to the filing or use of the Designated Materials, the submitting party shall give notice to all other parties, and to any other Producing Party, of the submitting party's intention to file or use the Designated Materials, including specific identification (by reference to production number or other identifier) of the Designated Materials. Any affected party or non-party may then file a motion to seal. If a motion to seal is filed but not ruled on prior to the filing or use of the Designated Materials, the Designated Materials shall be filed "CONDITIONALLY UNDER SEAL" pending a ruling on the motion to seal; <u>or</u>

b.     At the time of filing or desiring to use the Designated Material, the submitting party shall contemporaneously (i) file a motion to seal; (ii) file the document(s) containing Designated Materials under seal pursuant to the ECF guidelines applicable to the United States District Court for the Eastern District of Washington; and (iii) label the documents "CONDITIONALLY UNDER SEAL." Any affected party

PROTECTIVE ORDER - 7

**STOKES LAWRENCE**
**VELIKANJE MOORE & SHORE**
120 N. NACHES AVENUE
YAKIMA, WASHINGTON  98901-2757
(509) 853-3000

or Producing Party may file a response in support of the motion to seal showing why such materials should be sealed.

To the extent practicable, Designated Materials to be filed with the Court shall be filed separately or in severable portions of filed papers, so that the non-confidential portions may freely be disseminated.

9. **No Admission or Prejudice.** Producing or receiving Designated Materials or otherwise complying with this Order shall not (a) operate as an admission that any Designated Materials actually contain or reflect trade secrets or other confidential information; (b) prejudice the right of any party to object to the authenticity or admissibility of any Designated Materials; (c) be construed as waiving any right to assert a claim of privilege, relevance, trade secret, overbreadth, burdensomeness, or other objection to production of materials or information; or (d) prevent the parties from agreeing to alter or waive the protections or remedies provided in this Order, provided that such agreement is in writing and signed by the parties.

10. **Return or Certification of Destruction.** All Designated Material shall be returned to the Producing Parties or destroyed upon termination of this action. Termination of this action shall be taken and construed as the date forty-five (45) days following (a) the filing of a stipulated dismissal or the entry of a voluntary dismissal; (b) a final non-appealable order disposing of this case; or (c) the expiration of the time for any appeal. Counsel for the receiving party shall notify counsel for the Producing Party in writing of compliance with this paragraph. Nothing in this paragraph shall preclude counsel from retaining after termination of this action copies of (a) pleadings, motions, and memoranda filed with the Court; and (b) deposition, hearing and trial

PROTECTIVE ORDER - 8

STOKES LAWRENCE
VELIKANJE MOORE & SHORE
120 N. NACHES AVENUE
YAKIMA, WASHINGTON  98901-2757
(509) 853-3000

transcripts and exhibits; provided, however, that such counsel may not disclose retained materials that contain Designated Materials to any other person and shall keep such retained materials in a manner reflecting their confidential designation.

11. **Producing Party's Use.** Nothing herein shall preclude a Producing Party from using her, his or its own confidential information, documents, or materials in any manner she, he or it sees fit, or from revealing such information, documents, or materials to whomever she, he or it chooses.

12. **Independent Source.** This Order shall govern the designation and use of all Designated Material produced in response to any method of discovery conducted by the parties. Information obtained by or made available to any party at any time by lawful means other than through the discovery provisions of the Federal Rules of Civil Procedure shall not be subject to this Order.

13. **Limitation on Use and Survival.** Upon final determination of this action, the restrictions on the communication and disclosure provided for herein shall continue to be binding upon the parties and all persons to whom Designated Materials or information contained therein has been communicated. This Order shall remain in force and effect and survive the termination of this action unless modified by Order of this Court or by the written stipulation of the parties filed with the Court. The Court shall retain jurisdiction for enforcement of this Order.

14. This Order is without prejudice to the right of any party to seek relief from the Court, upon good cause shown, from any of the provisions of this Order.

**STOKES LAWRENCE**
**VELIKANJE MOORE & SHORE**
120 N. NACHES AVENUE
YAKIMA, WASHINGTON  98901-2757
(509) 853-3000

1

### I.  ORDER

2

3      **IT IS SO ORDERED**.  The District Court Executive shall forward copies of this

4      order to counsel of record.

5      DATED this 21st day of June, 2011.

6

7                                    *s/Lonny R. Suko*

8      _____
                              LONNY R. SUKO
                              UNITED STATES DISTRICT COURT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

PROTECTIVE ORDER - 10

1

**EXHIBIT A**

2

3

UNITED STATES DISTRICT COURT
4
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| 5   EQUAL EMPLOYMENT<br>    OPPORTUNITY COMMISSION,<br>6<br>               Plaintiff,<br>7<br>  and<br>8<br>  ELODIA SANCHEZ,<br>9<br>            Plaintiff-Intervenor,<br>10<br>     v.<br>11<br>  EVANS FRUIT CO., INC.,<br>12<br>            Defendant,<br>13<br>  and<br>14<br>  JUAN MARIN and ANGELITA<br>  MARIN, a marital community,<br>15<br>16<br>        Defendants-Intervenors. | Case No.:  CV-10-3033 LRS<br><br>ACKNOWLEDGMENT AND<br>AGREEMENT TO BE BOUND BY<br>PROTECTIVE ORDER |

17

18                     **ACKNOWLEDGMENT**

19       The undersigned hereby declares, certifies, acknowledges, and agrees:

20       (1)    That I may receive information designated as "CONFIDENTIAL" or

21 "HIGHLY CONFIDENTIAL" related to the above-captioned case pending before the

22 United States District Court for the Eastern District of Washington (the "litigation");

23

24

ACKNOWLEDGEMENT AND AGREEMENT TO BE
BOUND BY PROTECTIVE ORDER - 1

(2)     That I have received a copy of, read, and understood the Protective Order entered in the litigation ("Protective Order");

(3)     That information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" is provided to me pursuant to the terms and restrictions of the Protective Order; and

(4)     That on behalf of myself and on behalf of any employees and/or co-workers within the below-listed organization who are assisting me in connection with the above-captioned matter, I hereby agree to be bound by the terms of the Protective Order and consent to the jurisdiction and contempt power of the Court with respect to its enforcement.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


_____

(Signature)

_____

(Printed Name)

_____

(Title or Position)

_____

(Company)


Dated: _____

ACKNOWLEDGEMENT AND AGREEMENT TO BE
BOUND BY PROTECTIVE ORDER - 2