1

2

3

4

5

6          IN THE UNITED STATES DISTRICT COURT

7          FOR THE EASTERN DISTRICT OF WASHINGTON

8   EQUAL EMPLOYMENT                    )
    OPPORTUNITY COMMISSION              )    NO.  CV-10-3033-LRS
9                                       )
              Plaintiff,                )    **ORDER GRANTING**
10                                      )    **MOTION FOR**
                                        )    **CERTIFICATION**
11                                      )
                                        )
12   ELODIA SANCHEZ                     )
                                        )
13        Plaintiff-Intervenor,         )
                                        )
14   v.                                 )
                                        )
15   EVANS FRUIT CO., INC.              )
                                        )
16            Defendant,                )
                                        )
17   and                               )
                                        )
18   JUAN MARIN and ANGELITA            )
    MARIN, a marital community,         )
19                                      )
        Defendants-Intervenors.         )
20   _____)

21        **BEFORE THE COURT** is the Plaintiffs' Motion For Certification

22   Pursuant To 28 U.S.C. §1292(b) and Motion To Stay The Discovery Order

23   Pending Interlocutory Appeal (ECF No. 294).  Telephonic oral argument was

24   heard on August 23, 2011.

25        Based on *Rivera v. Nibco*, 364 F.3d 1057 (9th Cir. 2004), the court

26

27   **ORDER GRANTING**
     **MOTION FOR CERTIFICATION -  1**

28

concludes there is a controlling question of law as to which there is a substantial ground for difference of opinion, that being as follows:  In a Title VII case as to which immigration status is potentially relevant to the issue of damages, where the court bifurcates the issues of liability and damages, is it also compelled to bifurcate discovery regarding liability and damages such that discovery regarding immigration status is stayed pending resolution of liability?  By clarifying Plaintiffs' discovery obligations in the liability phase, the undersigned finds that resolution of this controlling question of law may materially advance the ultimate termination of the litigation[1].

Plaintiffs' Motion For Certification Pursuant To 28 U.S.C. §1292(b) and Motion To Stay The Discovery Order Pending Interlocutory Appeal (ECF No. 294) is **GRANTED**.  Application to the Ninth Circuit for this interlocutory appeal shall be made within ten (10) days of entry of this order.  All discovery regarding immigration status in the captioned matter is **STAYED** pending the ten (10) day period and, if the application is granted by the Ninth Circuit, during the pendency of the interlocutory appeal.

"Discovery regarding immigration status" does **not** include: 1) information sought pursuant to Interrogatory No. 1 concerning addresses at which Plaintiff-Intervenor has resided since January 1, 2000; 2) information sought pursuant to Interrogatory No. 2 and Request For Production No. 7 concerning Plaintiff-Intervenor's home phone and cell phone numbers; 3) information sought pursuant

---

[1]The declarations of Blanca E. Rodriguez, ECF. No. 327 and Carmen Flores, ECF No. 326 were not considered for purposes of deciding the motions at issue herein.

**ORDER GRANTING**
**MOTION FOR CERTIFICATION -  2**

to Interrogatory No. 3 concerning identification of Plaintiff-Intervenor's employers; 4) information sought pursuant to Interrogatory No. 6 and Request For Production No. 4 concerning claims made by Plaintiff-Intervenor; and 5) information sought pursuant to Interrogatory No. 12 concerning identification of health-care professionals who have treated or examined Plaintiff-Intervenor. These particular discovery requests, if not already answered, should be answered forthwith.

The only specific discovery currently at issue includes a limited number of interrogatories and requests for production. (ECF No. 250-1). Obviously, the court cannot anticipate all of the questions that may be asked at any forthcoming depositions and disputes may arise as to whether a particular question directly or indirectly seeks information regarding immigration status. The court notes that in *Rivera*, the protective order upheld by the Ninth Circuit allowed the defendant to engage in discovery concerning the plaintiffs' places of marriage, educational background, current and past employment, damages, date of birth, and criminal convictions, but limited disclosure of that information to the parties and their attorneys. 364 F.3d at 1062. And while the protective order barred discovery regarding immigration status, it did not preclude the defendant from conducting its own independent investigation. *Id*.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this order and to provide copies to counsel of record.

**DATED** this ___25th___ day of August, 2011.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
United States District Court Judge

**ORDER GRANTING
MOTION FOR CERTIFICATION - 3**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ORDER GRANTING
MOTION FOR CERTIFICATION -  4**