Blanca E. Rodriguez, WSBA #27745
Northwest Justice Project
510 Larson Building
6 S. Second Street
Yakima, Washington 98901
Tel: (509) 574-4234 x 22
Fax: (509) 574-4238

*Attorney for Plaintiffs-Intervenors*

WILLIAM R. TAMAYO, Regional Attorney
JOHN STANLEY, Supervisory Trial Attorney
CARMEN FLORES, Senior Trial Attorney
MAY CHE, Senior Trial Attorney
DEBRA A. SMITH, Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
SEATTLE FIELD OFFICE
909 FIRST AVENUE, SUITE 400
SEATTLE, WA 98104
TEL: (206) 220-6853
carmen.flores@eeoc.gov

*Attorneys for Plaintiff EEOC*

HONORABLE LONNY R. SUKO

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br><br>    Plaintiff,<br><br>ELODIA SANCHEZ<br><br>    Plaintiff-Intervenor,<br><br>    v.<br><br>EVANS FRUIT CO., INC. | No. CV-10-3033-LRS<br><br>PLAINTIFFS' MEMORANDUM IN SUPPORT OF JOINT MOTION TO QUASH SUBPOENAS FOR MID VALLEY COMMUNITY CLINIC AND SUNNYSIDE COMMUNITY HOSPITAL PURSUANT TO FED. R. CIV. P. 45(c) |

PLAINTIFFS' MEMORANDUM IN SUPPORT OF JOINT MOTION TO QUASH SUBPOENAS FOR MID VALLEY COMMUNITY CLINIC AND SUNNYSIDE COMMUNITY HOSPITAL PURSUANT TO FED. R. CIV. P. 45(c) - 1

**Northwest Justice Project**
510 Larson Building, 6 S. 2nd St.,
Yakima, Washington 98901
Phone: (509) 574-4234  Fax: (509) 574-4238

Defendant, and

JUAN MARIN AND ANGELITA MARIN, a marital community,

Defendant-Intervenor.

## I. INTRODUCTION

Plaintiffs respectfully move the court pursuant to Fed. R. Civ. P. 45(c)(3)(A)(iii) for an order quashing subpoenas requiring Mid Valley Community Clinic and Sunnyside Community Hospital to produce all records in their possession, custody, and control relating to Class Members Esmeralda Aviles, Vanessa Aviles, Carina Gutierrez, and Veronica Reyna between January 1, 2005 and the present. Plaintiff Equal Employment Opportunity Commission moves the court for an order quashing on behalf of all four Class Members. Northwest Justice Project joins on behalf of Class Members Esmeralda Aviles and Vanessa Aviles.

## II. STATEMENT OF FACTS

Class Members Esmeralda Aviles, Vanessa Aviles, Carina Gutierrez, and Veronica Reyna ("Class Members") seek compensation from Defendant Evans Fruit Co., Inc. ("Evans Fruit") for emotional distress damages they suffered as a result of being sexually harassed while in Evans Fruit's employ. On December 9, 2011, Evans Fruit served subpoenas on Mid Valley Community Clinic and Sunnyside Community Hospital ("Clinics"), demanding that the Clinics produce

PLAINTIFFS' MEMORANDUM IN SUPPORT OF JOINT MOTION TO QUASH SUBPOENAS FOR MID VALLEY COMMUNITY CLINIC AND SUNNYSIDE COMMUNITY HOSPITAL PURSUANT TO FED. R. CIV. P. 45(c) - 2

**Northwest Justice Project**
510 Larson Building, 6 S. 2nd St.,
Yakima, Washington 98901
Phone: (509) 574-4234  Fax: (509) 574-4238

all their records from nearly the last six years that relate to the Class Members.

## III. DISCUSSION

Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense…" Fed. R. Civ. P. 26(b)(1). Accordingly, the court must quash or modify a subpoena that requires disclosure of privileged or other protected matter, if no exception or waiver applies. Fed. R. Civ. P. 45(c)(3)(A)(iii). Because the only relevant records sought by these subpoenas are protected by the psychotherapist-patient privilege, the court should grant Plaintiffs' motion to quash the subpoena.

**A. The Class Members' Records, Other Than Psychological Records, Are Not Discoverable Because They Are Not Relevant to Any Party's Claim or Defense.**

As a preliminary matter, the court should distinguish between "psychological records," which involve the Class Members' mental health (including physical conditions related thereto) and all other records. In *Fitzgerald v. Cassil*, 216 F.R.D. 632 (N.D. Cal. 2003), the court held that where, as here, a plaintiff seeks compensation for so-called "garden-variety" emotional distress,[1]

---

[1] A plaintiff alleges "garden variety" emotional distress damages when she asserts that a defendant's bad conduct caused her emotional upset and related symptoms, but does not assert that the conduct caused specific medical conditions. *See, e.g.*, *Fitzgerald v. Casill*, 216 F.R.D. 632, 634 (N.D. Cal. 2003) (denying motion to compel production of medical records where plaintiff alleged emotional distress damages such as "anger/irritability, discouragement, nervousness, sleep loss,

PLAINTIFFS' MEMORANDUM IN SUPPORT OF JOINT MOTION TO QUASH SUBPOENAS FOR MID VALLEY COMMUNITY CLINIC AND SUNNYSIDE COMMUNITY HOSPITAL PURSUANT TO FED. R. CIV. P. 45(c) - 3

**Northwest Justice Project**
510 Larson Building, 6 S. 2nd St.,
Yakima, Washington 98901
Phone: (509) 574-4234  Fax: (509) 574-4238

psychological records are discoverable unless a privilege applies, while other records are irrelevant and thus undiscoverable. Psychological records may be relevant "in determining…causation (i.e., whether there were other unrelated sources for [Plaintiff's] emotional distress) or the magnitude of the alleged distress." *Fitzgerald*, 216 F.R.D. at 634. Records other than psychological records are not relevant because the Class Members have not made any claim for physical injury other than that directly tied to emotional distress, and so have not put their physical condition at issue. *See id.*, *accord Simpson v. Univ. of Colorado*, 220 F.R.D. 354, 365 (D.Colo. 2004) (in Title IX sexual harassment case that alleged no physical injury, medical records that did not specifically reference or describe plaintiff's emotional or psychological condition not relevant).

Accordingly, records other than psychological records are not discoverable.

**B. The Class Members' Psychological Records, If Any, Are Not Discoverable Because They Are Protected by the Psychoanalyst-Patient Privilege.**

As noted above, even relevant evidence is not discoverable if it falls under an evidentiary privilege. Fed. R. Civ. P. 26(b)(1). Because the Class Members'

---

relived experience, and arguing with his partner.") The fact that compensation for such emotional distress damages may be great does not prevent them from being considered "garden variety." *See EEOC v. Wal-Mart Stores, Inc.*, ---F.R.D.----, 2011 WL 5505398, *2-3 (E.D. Wash. 2011) (EEOC sought emotional distress damages "to the extent fully allowable under the law," or $300,000; the court found that such damages could be — and in fact were — nonetheless "garden variety," rejecting defendant's contention to the contrary).

PLAINTIFFS' MEMORANDUM IN SUPPORT OF JOINT MOTION TO QUASH SUBPOENAS FOR MID VALLEY COMMUNITY CLINIC AND SUNNYSIDE COMMUNITY HOSPITAL PURSUANT TO FED. R. CIV. P. 45(c) - 4

**Northwest Justice Project**
510 Larson Building, 6 S. 2nd St.,
Yakima, Washington 98901
Phone: (509) 574-4234  Fax: (509) 574-4238

psychological records, if any, are protected by the psychoanalyst-patient privilege, they are not discoverable.

1. <u>The psychoanalyst-patient privilege recognized in *Jaffee v. Redmond* applies to the Class Members' psychological records.</u>

In federal question cases where a plaintiff raises pendent state claims, and the information sought is relevant to both the state and federal claims, the federal common law of privileges will govern. *Perrignon v. Bergen Brunswig Corp.*, 77 F.R.D. 455, 459 (N.D. Cal. 1978); *see also Tubar v. Clift*, 2007 WL 30872, *3 n. 1 (W.D. Wash. 2007). The U.S. Supreme Court formally recognized the psychotherapist-patient privilege in *Jaffee v. Redmond*, 518 U.S. 1 (1996), holding that "[c]onfidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure[.]" *Jaffee*, 518 U.S. 1 at 15. Thus, any such communications made by the Class Members fall within the privilege and are not subject to discovery.

2. <u>The Class Members have not waived the privilege because there are no issues of multiple causation in their cases.</u>

a. *"Broad" and "Narrow" Approaches to Waiver*

The Supreme Court in *Jaffee* stated that a patient may waive the psychotherapist-patient privilege, *Jaffee*, 518 U.S. at 15, n. 4, but neither that court nor the Ninth Circuit has addressed whether a plaintiff waives the privilege by claiming emotional distress damages.

PLAINTIFFS' MEMORANDUM IN SUPPORT OF JOINT MOTION TO QUASH SUBPOENAS FOR MID VALLEY COMMUNITY CLINIC AND SUNNYSIDE COMMUNITY HOSPITAL PURSUANT TO FED. R. CIV. P. 45(c) - 5

**Northwest Justice Project**
510 Larson Building, 6 S. 2nd St.,
Yakima, Washington 98901
Phone: (509) 574-4234  Fax: (509) 574-4238

District Courts within the Ninth Circuit apply either a "broad approach" or a "narrow approach" to waiver. Courts taking the narrow approach have found that where, as here, a plaintiff alleges only "garden variety" emotional distress damages (*i.e.*, where plaintiffs do not assert that defendants' discrimination caused any specific mental or medical conditions), without relying on medical records or medical expert testimony for proof at trial, the psychotherapist-patient privilege is not waived. *See, e.g., Fitzgerald v. Cassil*, 216 F.R.D. 632 (N.D. Cal. 2003); *see also Sims v. Lakeside School,* 2007 WL 5417731, at *1 (W.D. Wash. March 15, 2007; *EEOC v. Wyndham Worldwide Corp.*, 2008 WL 4527974, at *6 (W.D. Wash. Oct 03, 2008). By contrast, under the "broad approach," courts have held that a simple allegation of emotional distress constitutes waiver. *See, e.g., Doe v. City of Chula Vista*, 196 F.R.D. 562 (S.D. Cal. 1999); *see also Uzzell v. Teletech Holdings, Inc.*, 2007 WL 4358315, at *2 (W.D. Wash. Dec.7, 2007).

    b. *Because the Class Members' cases present no "multiple causation" issues, the court should apply the narrow approach to waiver.*

District Courts in the Ninth Circuit appear to determine whether to apply the narrow or broad approach to waiver on a case-by-case basis. Two recent cases support the application of the narrow approach in the case of the Class Members.

In *EEOC v. California Psychiatric Transitions*, 258 F.R.D. 391 (E.D. Cal. 2009), the court applied the broad approach and required a plaintiff asserting

PLAINTIFFS' MEMORANDUM IN SUPPORT OF JOINT MOTION TO QUASH SUBPOENAS FOR MID VALLEY COMMUNITY CLINIC AND SUNNYSIDE COMMUNITY HOSPITAL PURSUANT TO FED. R. CIV. P. 45(c) - 6

**Northwest Justice Project**
510 Larson Building, 6 S. 2nd St.,
Yakima, Washington 98901
Phone: (509) 574-4234  Fax: (509) 574-4238

sexual harassment and retaliation claims under Title VII to produce her medical records where (1) the only remedy the EEOC was seeking on behalf of the plaintiff was emotional distress damages resulting from the alleged harassment and (2) the plaintiff was being treated for her diagnosed clinical depression, suggesting a possible "multiple causation" issue. *California Psychiatric Transitions,* 258 F.R.D. at 400 ("The emotional distress [Plaintiff] allegedly suffered as a result of the sexual harassment could have been affected by her depression and vice versa.").

Just this year, the Eastern District of Washington applied the narrow approach to waiver in a case where, as in *California Psychiatric Transitions*, the only compensatory damages sought by the EEOC on the claimant's behalf were for emotional distress; the plaintiff's employer refused his religiously-motivated request for a scheduling accommodation so that he would not have to work on Sunday. *See EEOC v. Wal-Mart Stores, Inc.*, --- F.R.D. ----, 2011 WL 5505398, *1 (E.D. Wash. 2011). The court distinguished *California Psychiatric Transitions* because, in that case, "[the] plaintiff claiming Title VII discrimination was also being treated for depression, so multiple causation was clearly an issue…" *Wal-Mart Stores*, 2011 WL 5505398, *3. Finding no such "multiple causation" issues in the case before it, the court went on to apply the narrow approach to waiver. *Id.*

The Class Members' cases likewise present no multiple causation issues. They have not been diagnosed with or sought treatment for any physical or

PLAINTIFFS' MEMORANDUM IN SUPPORT OF JOINT MOTION TO QUASH SUBPOENAS FOR MID VALLEY COMMUNITY CLINIC AND SUNNYSIDE COMMUNITY HOSPITAL PURSUANT TO FED. R. CIV. P. 45(c) - 7

**Northwest Justice Project**
**510 Larson Building, 6 S. 2nd St.,**
**Yakima, Washington 98901**
Phone: (509) 574-4234 Fax: (509) 574-4238

psychological conditions that might have affected the emotional distress they suffered as a result of Defendants' bad conduct. Accordingly, the court should apply the narrow approach to waiver.

      c. *Applying the narrow approach, the court should find that the Class Members have not waived the privilege by any other act and that their psychological records are thus privileged.*

The Class Members seek compensation for the "garden variety" emotional distress they suffered as a result of Defendants' bad conduct. They intend to prove those damages through evidence other than medical records or expert testimony. Furthermore, they will not affirmatively rely on any privileged communications in proving their emotional distress damages. The narrow approach to waiver holds that, in such circumstances, a plaintiff's psychological records are protected by the psychotherapist-patient privilege and are thus not discoverable. *EEOC v. Wal-Mart Stores, Inc.*, ---F.R.D.----, 2011 WL 5505398, *3 (E.D. Wash 2011). Thus, the court should grant the instant motion.

    3. <u>Application of the psychotherapist-patient privilege will not cause Defendants undue prejudice.</u>

"The defendant has numerous avenues through which it can make its case without delving into the plaintiffs' confidential communications." *Fitzgerald v. Cassil*, 216 F.R.D. 632, 638 (N.D. Cal. 2003). Defendants can cross-examine the Class Members about other contributing factors or stressors that may have affected their emotional state; they can examine percipient witnesses; or they may elicit that

PLAINTIFFS' MEMORANDUM IN SUPPORT OF JOINT MOTION TO QUASH SUBPOENAS FOR MID VALLEY COMMUNITY CLINIC AND SUNNYSIDE COMMUNITY HOSPITAL PURSUANT TO FED. R. CIV. P. 45(c) - 8

**Northwest Justice Project**
510 Larson Building, 6 S. 2nd St.,
Yakima, Washington 98901
Phone: (509) 574-4234  Fax: (509) 574-4238

the plaintiff did not seek therapy or treatment. *See id.* at 638. Furthermore,

> If, in the course of deposing [Plaintiff], family members, or co-workers, Defendant discovers that there are more particularized mental health or other physical health issues, or that there were other potential causes or a long history of a relevant mental or physical illness, then Defendant may reapply to the Court for an order compelling production of medical records with proof of that additional information.

*EEOC v. Wal-Mart Stores, Inc.*, ---F.R.D.---, 2011 WL 5505398, *3 (E.D. Wash. 2011).

## IV. CONCLUSION

Defendants' subpoenas of the Clinics demand production of all records from the last six years, medical and otherwise, related to the Class Members. However, records other than psychological records are irrelevant to the Class Members' claims of emotional distress damages. Furthermore, any psychological records are protected by the psychotherapist-patient privilege. Because the Class Members' cases present no multiple causation issues, the court should apply the "narrow" approach to waiver of that privilege. Given that the Class Members have asserted only "garden variety" emotional distress damages and have done nothing to waive the privilege. Moreover, a finding of privilege will not unduly prejudice Defendants in making their case. Accordingly, the court should find that the Class Members' records are privileged and grant the instant motion.

DATED this 21st day of December, 2011.

PLAINTIFFS' MEMORANDUM IN SUPPORT OF JOINT MOTION TO QUASH SUBPOENAS FOR MID VALLEY COMMUNITY CLINIC AND SUNNYSIDE COMMUNITY HOSPITAL PURSUANT TO FED. R. CIV. P. 45(c) - 9

**Northwest Justice Project**
510 Larson Building, 6 S. 2nd St.,
Yakima, Washington 98901
Phone: (509) 574-4234  Fax: (509) 574-4238

| | |
|---|---|
| 1 | NORTHWEST JUSTICE PROJECT |
| 2 | By: /s/ Blanca E. Rodriguez |
| | BLANCA RODRIGUEZ, WSBA #27745 |
| 3 | Attorney for Plaintiff-Intervenor |
| | Northwest Justice Project |
| 4 | 510 Larson Bldg., 6 South 2nd Street |
| | Yakima, WA 98901 |
| 5 | Tel: 509-574-4234 / (fax) 509-574-4238 |
| | blancar@nwjustice.org |

*Attorney for Plaintiffs-Intervenors*

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

| | |
|---|---|
| WILLIAM R. TAMAYO | P. DAVID LOPEZ |
| Regional Attorney | General Counsel |
| | |
| JOHN STANLEY | JAMES L. LEE |
| Supervisory Trial Attorney | Deputy General Counsel |
| | |
| CARMEN FLORES | GWENDOLYN Y. REAMS |
| Senior Trial Attorney | Associate General Counsel |
| | |
| MAY CHE | OFFICE OF THE GENERAL |
| Senior Trial Attorney | COUNSEL |
| | |
| DEBRA SMITH | 131 M Street NE, 5th Floor |
| Senior Trial Attorney | Washington, D.C. 20507 |

BY: /s/ *Carmen Flores* _____
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

*Attorneys for Plaintiff*

PLAINTIFFS' MEMORANDUM IN SUPPORT OF JOINT MOTION TO QUASH SUBPOENAS FOR MID VALLEY COMMUNITY CLINIC AND SUNNYSIDE COMMUNITY HOSPITAL PURSUANT TO FED. R. CIV. P. 45(c) - 10

**Northwest Justice Project**
510 Larson Building, 6 S. 2nd St.,
Yakima, Washington 98901
Phone: (509) 574-4234  Fax: (509) 574-4238

# CERTIFICATE OF SERVICE

I Alex Galarza hereby certify that on this 21st day of December 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing and also sent to each individual's email address below:

John F Stanley  John.stanley@eeoc.gov
Carmen Flores  Carmen.flores@eeoc.gov
Debra Smith  Debra.smith@eeoc.gov
May Che  May.che@eeeoc.gov
William R. Tamayo  William.tamayo@eeoc.gov

Equal Employment Opportunity Commission
Seattle Field Office
909 First Ave, Suite 400
Seattle, WA 98104

Carolyn Cairns  cc@stokeslaw.com
Brendan Monahan  bvm@stokeslaw.com
Sarah Wixson  slw@stokeslaw.com
Justo Gonzalez  jgg@stokeslaw.com

Stokes Lawrence
Velikanje Moore & Shore
120 N. Naches Ave
Yakima, WA 98901
Tel: 509.853-3000

Christopher J. DeGroff  cdegroff@seyfarth.com
Asilia S. Backus  abackus@seyfarth.com

PLAINTIFFS' MEMORANDUM IN SUPPORT OF JOINT MOTION TO QUASH SUBPOENAS FOR MID VALLEY COMMUNITY CLINIC AND SUNNYSIDE COMMUNITY HOSPITAL PURSUANT TO FED. R. CIV. P. 45(c) - 11

**Northwest Justice Project**
510 Larson Building, 6 S. 2nd St.,
Yakima, Washington 98901
Phone: (509) 574-4234  Fax: (509) 574-4238

Gerald L. Maatman     gmaatman@seyfarth.com

Seyfarth Shaw LLP
121 South Dearborn Street
Suite 400
Chicago, IL 60603-5577
Tel: 312-460-5000


Laura J. Maechtlen     lmaechtlen@seyfarth.com

Seyfarth Shaw LLP
560 Mission Street, Suite 3100
San Francisco, CA 94105
Tel: 415.397-2823


Daniel Robbins Case     rob@lbplaw.com

Larson Berg & Perkins PLLC
105 North 3rd Street
Yakima, WA 98907
Tel: 509.457-1515


       s/Alex Galarza
       Alex Galarza, Legal Assistant

PLAINTIFFS' MEMORANDUM IN SUPPORT OF JOINT MOTION TO QUASH SUBPOENAS FOR MID VALLEY COMMUNITY CLINIC AND SUNNYSIDE COMMUNITY HOSPITAL PURSUANT TO FED. R. CIV. P. 45(c) - 12

**Northwest Justice Project**
510 Larson Building, 6 S. 2nd St.,
Yakima, Washington 98901
Phone: (509) 574-4234  Fax: (509) 574-4238