CAROLYN CAIRNS (WSBA #10856)
BRENDAN V. MONAHAN (WSBA #22315)
JUSTO G. GONZALEZ (WSBA #39127)
SARAH L. WIXSON (WSBA #28423)
STOKES LAWRENCE VELIKANJE MOORE & SHORE
120 N. Naches Avenue, Yakima, Washington 98901-2757
(509) 853-3000

[Additional Counsel Appear on Signature Page]

Attorneys for Defendant
EVANS FRUIT CO., INC.

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br><br>  and<br><br>ELODIA SANCHEZ,<br><br>    Plaintiff-Intervenor,<br><br>v.<br><br>EVANS FRUIT CO., INC.,<br><br>    Defendant,<br><br>  and<br><br>JUAN MARIN and ANGELITA MARIN, a Marital community,<br><br>    Defendants-Intervenors. | Case No.: CV-10-3033 LRS<br><br>DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO QUASH (ECF NO.455 ) |

DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO QUASH (ECF NO.455 )
44815-009\ 1109985.DOCX

**STOKES LAWRENCE**
**VELIKANJE MOORE & SHORE**
120 N. Naches Avenue
Yakima, Washington 98901-2757
(509) 853-3000

# I. PLAINTIFFS HAVE NOT CONFERRED.

Plaintiffs' motion should not be heard because they have failed to comply with the requirements of Local Rule 37.1. Under Local Rule 37.1, a motion pursuant to Fed. R. Civ. P. 45 "will not be heard unless the parties have conferred and attempted to resolve their differences. Plaintiffs made no effort to confer prior to bringing this motion. On that basis alone, the motion to quash should be denied.

# II. CLAIMANTS' MEDICAL RECORDS ARE RELEVANT AND DISCOVERABLE

## A. The Claimants' Medical Records Are Relevant.

Evans Fruit served subpoenas seeking medical records for four claimants who allege that they suffered emotional distress due to sexual harassment. The scope of discovery is broad. *Oppenheimer Fund v. Sanders,* 437 U.S. 340, 98 S. Ct. 2380, 57 L.Ed.2d 253 (1978). "Parties may obtain discovery regarding any matter, non privileged, that is relevant to any party's claim or defense." The party who resists discovery must show that discovery is not allowed, and must clarify, explain, and support its objections. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

Claimants concede that mental health records are relevant, but assert that the Court must draw a distinction between "medical records" and "mental health records". They assert that medical records are irrelevant. However, courts recognize that there is considerable overlap between the two; medical records often include mental health issues and also include "physical conditions tied to mental health." *Fitzgerald v. Cassil*, 216 F.R.D. 632, 634 (N.D.Cal.2003). The characterization of the records is less

DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION
TO QUASH (ECF NO.455 ) - 1
44815-009\ 1109985.DOCX

STOKES LAWRENCE
VELIKANJE MOORE & SHORE
120 N. NACHES AVENUE
YAKIMA, WASHINGTON 98901-2757
(509) 853-3000

1 | important than their substance. Relevant information, from whatever source, is
2 | discoverable.

3 | Claimants' medical and psychological records are relevant as to both causation
4 | and the extent of claimant's alleged damages for "mental anguish, and emotional and
5 | physical distress." *See* Second Amended Complaint in Intervention, ¶ 6.5. Medical
6 | records are also relevant to Evans Fruit's defenses against the emotional distress claims
7 | because the records may reveal another source of stress unrelated to Evan Fruit which
8 | may have affected a claimant's emotional distress or a medical condition which has
9 | affected her ability to work.

**B.    Claimants'' Medical and Mental Health Records are Discoverable**

    **1.    Claimants Have Not Demonstrated That Any of the Records Sought Contain Privileged Communications.**

Claimants argue that any relevant mental health information that might be gleaned from their medical records is privileged and therefore not discoverable. "[C]onfidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure." *Jaffee v. Redmond*, 518 U.S. 1, 5, 116 1923 (1996). Under *Jaffee*, the party seeking to invoke the benefit of the privilege bears the burden of showing: 1) the therapist is licensed, 2) the communications were confidential, and 3) the communications were made during the course of diagnosis or treatment. *United States v. Romo*, 413 F.3d 1044, 1047 (9th Cir. 2005); *Speaker v. County of San Bernardino*, 82 F. Supp. 2d 1105, (C.D.Cal.2000) (burden of proof for the psychotherapist/patient privilege is on the party seeking to establish that the privilege exists).

DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION
TO QUASH (ECF NO.455 ) - 2
44815-009\ 1109985.DOCX

**STOKES LAWRENCE
VELIKANJE MOORE & SHORE**
120 N. NACHES AVENUE
YAKIMA, WASHINGTON 98901-2757
(509) 853-3000

Claimants have not presented evidence establishing (or even suggesting) that any of their health care providers at Mid Valley Community Clinic or Sunnyside Community are licensed therapists or that any privileged communications were made. They simply assert that the records cannot be disclosed. Claimants' bare assertion does not meet their burden of establishing privilege.

### 2. Even If a Privilege Exists, It Has Been Waived.

Even where a psychotherapist-patient privilege is established, the privilege is not absolute; it may be waived. *Jaffee*, 518 U.S. at 15 n. 14. The difficulty lies in determining when waiver occurs.

Neither the United States Supreme Court nor the Ninth Circuit has addressed when waiver occurs. Lower courts disagree on the test to determine whether the privilege is waived. Some apply a broad test, finding a waiver of the privilege whenever emotional distress is alleged and damages are sought. *See e.g., Sanchez v. U.S. Airways Inc.*, 202 F.R.D. 131 (E.D.Pa.2001); *Doe v. City of Chula Vista*, 196 F.R.D. 562, 567 (S.D.Cal.1999); *Doverspike v. Chang O'Hara's Bistro, Inc.*, 2004 WL 5852443, 2–3 (D.Minn.2004) ("'As between the two approaches, the cases finding that even garden-variety distress claims waive applicable privileges are better reasoned ... emotional distress is either part of the case or it is not.'").

Others use a narrow approach and decline to find waiver unless the emotional distress claims are more than mere "garden variety." *See e.g., Ruhlmann v. Ulster Co. Dept. of Social Serv.*, 194 F.R.D. 445 (N.D.N.Y.2000); *Speaker ex rel. Speaker v. County of San Bernardino*, 82 F. Supp. 2d 1105 (C.D.Cal.2000); *Fritsch v. City of*

DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION
TO QUASH (ECF NO.455 ) - 3
44815-009\ 1109985.DOCX

**STOKES LAWRENCE**
**VELIKANJE MOORE & SHORE**
120 N. NACHES AVENUE
YAKIMA, WASHINGTON 98901-2757
(509) 853-3000

1 | *Chula Vista*, 196 F.R.D. 562, 568 (C.D.Cal.1999); *Vanderbilt v. Town of Chilmark*, 174 F.R.D. 225, 225-30 (D.Mass.1997).

Class members, Esmeralda Aviles, Vanessa Aviles, Carina Gutierrez and Veronica Reyna seek compensation for emotional distress damages. That fact alone meets the criteria under the broad test. But claimants assert that the Court should adopt the "narrow test" and find that their medical information is not discoverable because they are only seeking "garden variety" emotional distress. Their claim for privilege fails under either test because claimants' claims are not "garden variety." "Garden-variety" emotional distress "'is ordinary or commonplace emotional distress.'" *Doyle v. Gonzales*, 2011 WL 1584345 *1, fn2 (E.D. Wash) (citing *Ruhlmann v. Ulster Cnty. Dep't of Soc. Servs.*, 194 F.R.D. 445, 448 n. 6 (2000)). "Emotional distress is not 'garden variety' if it results in a specific psychiatric disorder or disables one from working." *Id.* Rather, garden-variety claims for emotional distress are "claims of generalized insult, hurt feelings, and lingering resentment" that "do not involve a significant disruption of the plaintiff's work life and rarely involve more than a temporary disruption of the claimant's personal life*." Ortiz v. Potter*, 2010 WL 796960* 3 (citing *Javeed v. Covenant Med. Ctr., Inc.*, 218 F.R.D. 178, 179 (N.D.Iowa 2001)).

Although Claimants' motion to quash characterizes their distress as merely "garden variety", this is another instance where characterization is less important than substance. Esmeralda Aviles and Vanessa Aviles have intervened in this matter asserting "mental anguish" which resulted in both "emotional and physical distress". At deposition, Esmeralda Aviles and Vanessa Aviles testified that after the alleged

DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION
TO QUASH (ECF NO.455 ) - 4
44815-009\ 1109985.DOCX

**STOKES LAWRENCE**
**VELIKANJE MOORE & SHORE**
120 N. NACHES AVENUE
YAKIMA, WASHINGTON 98901-2757
(509) 853-3000

harassment they can no longer work independently; they now only feel comfortable working in the company of their mother. Declaration of Sarah Wixson ("Decl. Wixson"), Ex. A, Dep. of Esmeralda Aviles, p. 42, lines 16 - 22, Ex. B, Dep of Vanessa Aviles, p. 49, lines 11-15. Carina Gutierrez testified that she cried for <u>two months</u> after she left Evans Fruit, and that even now every time she thinks about the harassment she will "break down crying". Decl. Wixson, Ex. C, Dep. of Carina Gutierrez, p. 79. The emotional distress Claimaints describe in their own words and under oath is more than mere "garden variety."

### 3. Emotional Distress is the Crux of the Damages Claim and the Distress Could Have Been Caused by Other Factors.

The claimants' asserted emotional distress is the crux of their claim for damages. The only damages they are seeking are for emotional distress. Courts confronted with similar facts have compelled discovery of medical records. For example, in *EEOC v. California Psychiatric Transitions*, 258 F.R.D. 391 (E.D.Cal.2009), the court weighed both the broad and narrow approaches to discovery of medical records and decided that the broad approach should be applied because the plaintiff's claim for emotional distress damages formed the "crux" of her claim and could have been caused by something other than the alleged sexual harassment. The court allowed discovery under basic fairness principles:

> To allow Plaintiffs to make a claim for emotional distress, but shield information related to their claim, is similar to shielding other types of medical records. For instance, if the injury at issue were to the knee, and Plaintiff had sustained a subsequent knee injury requiring treatment, Plaintiffs would not be able to hide the details of the subsequent knee injury because of privilege or privacy considerations. In order to allege and recover for a harm, Plaintiffs need to show the existence

DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION
TO QUASH (ECF NO.455 ) - 5
44815-009\ 1109985.DOCX

**STOKES LAWRENCE
VELIKANJE MOORE & SHORE**
120 N. NACHES AVENUE
YAKIMA, WASHINGTON 98901-2757
(509) 853-3000

and extent of the harm. The particular value of the harm is best left to the fact-finder, after a careful view of the facts.
The only way to adequately review the facts is to bring to light relevant information.

*Id.* at 400 (citing *Sanchez v. U.S. Airways, Inc.*, 202 F.R.D. 131, 136 (E.D. Pa. 2001)).

Claimants try to differentiate their claims from *EEOC v. California Psychiatric Transitions*, by asserting that there is no "multiple causation" issue here. However, there is no way to verify Claimants' bald assertion if Evans Fruit is denied access to their medical records.

Claimants have asserted that Evans Fruit caused their "mental anguish" and "emotional and physical distress", but they want to limit the evidence on this point to their testimony. The discovery process must be fair to all parties so that each side is able to present an effective and complete case to the jury. For each item of damages, whether economic or non-economic, the claimants must show that the damage was proximately caused by the defendants' unlawful conduct. Evans Fruit is entitled to show that other factors contributed to the plaintiff's damage. *See, e.g., Vance v. Southern Bell Tel. and Tel. Co.*, 863 F.2d 1503, 1516 (11th Cir.1989) (district court reduced jury's monetary award for emotional harm caused by racial discrimination because "there were many other unpleasant factors in her life which almost certainly contributed to her emotional distress"); *Hamilton v. Rodgers*, 791 F.2d 439, 444 - 45 and fn. 3 (5th Cir.1986) (allowing compensatory damages when plaintiff endured for emotional injury from his work environment, but reversing award attributed to plaintiff's physical decline because "insufficient certainty as to causation exists" as his health had been failing due to his smoking, diet, and family history of hypertension).

DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION
TO QUASH (ECF NO.455 ) - 6
44815-009\ 1109985.DOCX

**STOKES LAWRENCE**
**VELIKANJE MOORE & SHORE**
120 N. NACHES AVENUE
YAKIMA, WASHINGTON 98901-2757
(509) 853-3000

1    Evans Fruit has a right to thoroughly investigate and challenge the allegations
2    against it, to rebut the Claimants' evidence and testimony and to determine whether the
3    Claimants have relevant medical history that indicates their emotional distress was
4    caused by events and circumstances independent of defendants' asserted conduct.
5    Whether medical records indicate complaints of psychic injury in the first instance
6    would itself be probative of Claimants' allegations. Plaintiffs seek up to $350,000 in
7    statutory damages under Title VII plus general and punitive damages in extraordinary
8    amounts for "emotional distress" that includes "emotional and physical distress" and
9    "loss of enjoyment of life", Evans Fruit must be permitted to prepare its defense,
10   challenge their claims and explore in discovery other circumstances that may have
11   caused the alleged injury.

   **C.   Claimants' Privacy Interests are Comprehensively Addressed by the Protective Order Entered in this Case.**

14   There are several ways to protect the Claimants' privacy interests while still
15   allowing Evans Fruit to prepare its defense. First, no claimant is compelled to put her
16   mental health at issue. She may decline to bring a claim for emotional distress damages
17   if her interest in maintaining her privacy is particularly strong. Second, the Protective
18   Order entered by the Court on June 22, 2011 (ECF No. 293) provides comprehensive
19   protections for Claimants' privacy -- Evans Fruit would have offered to designate
20   records and information obtained from the Mid-Valley Community Clinic and
21   Sunnyside Community Hospital as "Confidential" or "Highly Confidential - Attorneys'
22   Eyes Only" had plaintiffs' counsel conferred as they were required to do under LR 37.1.
23   Third, the Court has discretion to fashion an appropriate mechanism for discovery and

DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION
TO QUASH (ECF NO.455 ) - 7
44815-009\ 1109985.DOCX

**STOKES LAWRENCE**
**VELIKANJE MOORE & SHORE**
120 N. NACHES AVENUE
YAKIMA, WASHINGTON 98901-2757
(509) 853-3000

use of sensitive information. *Id*. The Court determines the ultimate admissibility of the evidence through a Rule 403 balancing analysis at trial.

### III. CONCLUSION

Claimants assert that Evans Fruit is entitled to no medical records or mental health records whatsoever. They assert that none of the four claimants have multiple causation issues and that their word is the only evidence needed on that issue. However, to prohibit access to these records outright would allow the claimants to proceed with their claims on unequal terms, effectively denying Evans Fruit of the due process protections afforded by the Federal Rules of Civil Procedure. Evans Fruit respectfully requests that the Court deny the Claimants' Motion to Quash and allow discovery on the issue of causation and damages to proceed.

DATED this 4th day of January, 2012.

s/Sarah L. Wixson
Carolyn Cairns (WSBA #10856)
Brendan V. Monahan (WSBA #22315)
Justo G. Gonzalez (WSBA #39127)
Sarah L. Wixson (WSBA #28423)
STOKES LAWRENCE VELIKANJE MOORE & SHORE
120 N. Naches Avenue
Yakima, WA 98901-2757
Telephone: (509) 853-3000
Fax: (509) 895-0060
Email: cc@stokeslaw.com
bvm@stokeslaw.com
jgg@stokeslaw.com
slw@stokeslaw.com

DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO QUASH (ECF NO.455 ) - 8
44815-009\ 1109985.DOCX

STOKES LAWRENCE
VELIKANJE MOORE & SHORE
120 N. NACHES AVENUE
YAKIMA, WASHINGTON 98901-2757
(509) 853-3000

GERALD L. MAATMAN, JR. (pro hac vice)
CHRISTOPHER J. DEGROFF (pro hac vice)
ASILIA S. BACKUS (pro hac vice)
SEYFARTH SHAW LLP
131 South Dearborn Street, Suite 2400,
Chicago, IL 60603
(312) 460-5000

LAURA J. MAECHTLEN (pro hac vice)
SEYFARTH SHAW LLP
560 Mission Street, Suite 3100,
San Francisco, CA 94105
(415) 397-2823

Attorneys for Defendant
EVANS FRUIT CO., INC.

DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO QUASH (ECF NO.455 ) - 9
44815-009\ 1109985.DOCX

**STOKES LAWRENCE**
**VELIKANJE MOORE & SHORE**
120 N. Naches Avenue
Yakima, Washington 98901-2757
(509) 853-3000

# CERTIFICATE OF SERVICE

I hereby certify that on January 4, 2012, I caused the foregoing document to be:

☒ electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

- **Daniel Robbins Case**    rob@lbplaw.com,cheryl@lbplaw.com
- **Jamal Whitehead**    jamal.whitehead@eeoc.gov
- **May R Che**    may.che@eeoc.gov,victoria.richardson@eeoc.gov
- **Carmen Flores**    carmen.flores@eeoc.gov,victoria.richardson@eeoc.gov, mary.hammock@eeoc.gov
- **Blanca E Rodriguez**    blancar@nwjustice.org,alexg@nwjustice.org
- **Debra A Smith**    debra.smith@eeoc.gov,lorraine.strayhorn@eeoc.gov
- **John F Stanley**    john.stanley@eeoc.gov,mary.hammock@eeoc.gov
- **William R. Tamayo**    william.tamayo@eeoc.gov

    s/Sarah L. Wixson
Sarah L. Wixson (WSBA #28423)
Attorney for Defendant Evans Fruit Co., Inc.
Stokes Lawrence Velikanje Moore & Shore
120 N. Naches Avenue
Yakima, WA 98901-2757
Telephone: (509) 853-3000
Fax: (509) 895-0060
sarah.wixson@stokeslaw.com

DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO QUASH (ECF NO.455 ) - 10
44815-009\ 1109985.DOCX

**STOKES LAWRENCE
VELIKANJE MOORE & SHORE**
120 N. NACHES AVENUE
YAKIMA, WASHINGTON 98901-2757
(509) 853-3000