| | |
|---|---|
| BLANCA E. RODRIGUEZ | HONORABLE LONNY R. SUKO |

BLANCA E. RODRIGUEZ
NORTHWEST JUSTICE PROJECT
510 LARSON BUILDING
6 S. SECOND STREET
YAKIMA, WASHINGTON 98901
TEL: (509) 574-4234 X 22
FAX: (509) 574-4238

*Attorney for Plaintiffs-Intervenors*

WILLIAM R. TAMAYO, Regional Attorney
JOHN STANLEY, Supervisory Trial Attorney
CARMEN FLORES, Senior Trial Attorney
MAY CHE, Senior Trial Attorney
DEBRA A. SMITH, Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
SEATTLE FIELD OFFICE
909 FIRST AVENUE, SUITE 400
SEATTLE, WA 98104
TEL: (206) 220-6853
carmen.flores@eeoc.gov

*Attorneys for Plaintiff EEOC*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br><br>Plaintiff,<br><br>ELODIA SANCHEZ<br><br>Plaintiff-Intervenor,<br><br>v. | No. CV-10-3033-LRS<br><br>PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF JOINT MOTION TO QUASH SUBPOENAS OF HEALTH CLINICS PURSUANT TO FED. R. CIV. P. 45(c) |

PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF
JOINT MOTION TO QUASH SUBPOENAS- 1

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Seattle Field Office**
**909 First Avenue, Suite 400**
**Seattle, Washington 98104-1061**
**Telephone: (206) 220-6883**
**Facsimile: (206) 220-6911**
**TDD: (206) 220-6882**

EVANS FRUIT CO., INC.

Defendant, and

JUAN MARIN and ANGELITA MARIN, a Marital Community,

        Defendants-Intervenors.

## STATEMENT OF FACTS

During the timeframe set out in Defendant Evans Fruit's subpoenas, Class Members Esmeralda Aviles, Vanessa Aviles, Carina Gutierrez, and Veronica Reyna ("Aviles *et al.*") have sought treatment for, in total: foot and knee injuries due to school sports; pregnancy; and various lab work. None has sought or received treatment for mental health issues or related physical manifestations during this period.

### I.    COUNSEL HAVE CONFERRED ON THIS MATTER.

Plaintiffs' and Defendant's counsel have conferred on this matter. *See* Declaration of Carmen Flores ("Flores Declaration") at ¶ 2, Exhibit 1 (E-mail from Brendan V. Monahan to Carmen Flores *et al.* (Oct. 24, 2011); E-mail from Carmen Flores to Brendan V. Monahan (Oct. 27, 2011). Defendant, thus advised of Plaintiffs' position on the issue, nonetheless served subpoenas demanding *all* medical records of Class Members Esmeralda Aviles *et al.* In so doing, Defendant

PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF
JOINT MOTION TO QUASH SUBPOENAS- 2

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Seattle Field Office
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882

breached its affirmative obligation under Rule 45(c)(1) to "take reasonable steps to avoid imposing undue burden or expense on a person subject to [a] subpoena." Absent resolution of the issue, Plaintiffs bring the instant motion.

## II. THE CLASS MEMBERS' RECORDS ARE IRRELEVANT OR PRIVILEGED, AND ARE THUS UNDISCOVERABLE.

### A. General medical records are not relevant.

Defendant's subpoenas seek "all records," of whatever nature, that relate in any way to Class Members Aviles *et al.* The apparent basis for defendant's demand for unrestricted access to those records is their contention that any physical malady might cause emotional distress. This scarcely gives defendant a license to rummage through all aspects of the plaintiff's life – especially one so personal and privileged as medical care -- in search of a possible source of stress or distress. *See Doe v. City of Chula Vista*, 196 F.R.D. 562, 570 (S.D. Cal. 1999) ("Doe's claim for emotional distress damages does not entitle defendants to invade the whole of Doe's medical history"). Rather, the Class Members "ha[ve] a right to have discovery *limited to informationthat is directly relevant to the lawsuit*." *Id*. (emphasis in original) (quoting *Vasconcellosv. Cybex Int'l., Inc*., 962F.Supp. 701, 709 (D. Md. 1997)); *see also Bridges v. Eastman Kodak Co.*, 850 F.Supp. 216, 223 (S.D.N.Y. 1994) ("defendants may not engage in a fishing expedition by inquiring

PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF
JOINT MOTION TO QUASH SUBPOENAS- 3

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Seattle Field Office
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882

into matters totally irrelevant to the issue of emotional distress.")

    i. <u>Only records related to mental health treatment and resulting physical manifestations are relevant.</u>

*Sandoval v. American Building Maintenance Industries, Inc.*, 267 F.R.D. 257 (D. Minn. 2007), cited approvingly by the court in its Order Denying Plaintiffs' Motion for Reconsideration (ECF No. 292 at 5), strongly supports Plaintiffs' position. As in this case, the *Sandoval* plaintiffs brought a Title VII action seeking compensatory damages only for emotional distress, and the defendants sought all medical records related to the plaintiffs. 267 F.R.D. at 265. The court upheld its previous order holding that "defendants [were] only entitled to discover those medical records that reflect mental health issues, and the manifestations of those mental health issues," and were "not entitled to information regarding any other medical providers or any other medical records from plaintiffs or their providers." *Id.* at 266 (bracketed material in original)(emphasis deleted). Mental health records, the court reasoned, were relevant to the Title VII and corresponding state law emotional distress claims raised in the complaint, while *non-mental health records were not relevant and thus undiscoverable*. *Id.* at 266, 269.[1] The facts in

---

[1] The *Sandoval* court raised two concerns identified by this court: (1) the only source of plaintiffs' damages was emotional distress; and (2) plaintiffs may not

PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF
JOINT MOTION TO QUASH SUBPOENAS- 4

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Seattle Field Office
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882

this case compel the same conclusion.

Further, *EEOC v. California Psychiatric Transitions*, 258 F.R.D. 391 (E.D. Cal. 2009), is not to the contrary. In that case, the defendant seeking medical records served the subpoena on the plaintiff's mental health care provider, who was providing her with ongoing treatment for depression. *California Psychiatric Transitions*, 258 F.R.D. at 398. Such records would qualify as relevant because they necessarily relate to the treatment of the plaintiff's mental health issues.

    ii.    <u>The record has not revealed any health care records pertaining to the Class Members that relate to treatment for mental health issues or resulting physical manifestations</u>

The nature of the conditions for which Plaintiffs have sought treatment illustrates their manifest irrelevance to the issue of emotional distress damages. The record reflects that these Class Members have sought treatment for, in total: foot and knee injuries, pregnancy, and various lab work. *See* Flores Declaration at ¶3, Exhibit 2. (EEOC's Second Supplemental Answers to Evans Fruit Co. Inc.'s First Interrogatory No. 12, Nov. 4, 2011).The *Sandoval* court found that the only

---

hide behind a claim of privacy in a manner unfair to defendants. 267 F.R.D. at 26. Nonetheless, the *Sandoval* court still found that non-mental health records were irrelevant and thus undiscoverable. This court should do the same.

PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF
JOINT MOTION TO QUASH SUBPOENAS- 5

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Seattle Field Office**
**909 First Avenue, Suite 400**
**Seattle, Washington 98104-1061**
**Telephone: (206) 220-6883**
**Facsimile: (206) 220-6911**
**TDD: (206) 220-6882**

relevant records were those that pertained to "ailments or physical or mental manifestations [plaintiffs] claim to be suffering *as a result of* the conduct of defendants…" for which they had received medical *diagnosis or treatment*. 267 F.R.D. at 269 (emphasis added). Aviles *et al.* do not claim that defendant's conduct caused any of the above-mentioned conditions, and these conditions are not at all related to treatment for mental health issues or resulting physical manifestations, so they are irrelevant and undiscoverable. *Accord, City of Chula Vista*, 196 F.R.D. at 570 ("Absent some extraordinary showing, for example, defendants have no need to access records relating to the birth of Doe's child"). Records pertaining to foot and knee injuries, pregnancy, and lab work are irrelevant to garden variety emotional distress caused by sexual harassment, and are thus undiscoverable.

**B. Even if relevant, the medical records are privileged.**

Even assuming, *arguendo,* that all of the medical records sought by Defendant, including records on knee injuries, pregnancies, etc., *are* somehow relevant to this case, those records would still be subject to heightened medical-record privilege standards under federal and state law. The subpoenas at issue do not comply with those standards. Washington statutes prohibit health care practitioners from disclosing patient records without the patient's consent, RCW §§ 70.02.020, 5.60.060(4), or without attorneys having first timely informed the

PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF
JOINT MOTION TO QUASH SUBPOENAS- 6

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Seattle Field Office
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882

provider of the impending demand and advised him or her as to how to seek a protection order. RCW § 70.02.060. While the federal law of privilege governs this case, non-party health-care providers are not absolved of their obligations to obey Washington law just by virtue of being subpoenaed in a federal case.

The Federal HIPAA regulations similarly provide that

> health care providers may disclose health information in response to discovery, and without a court order, only upon receiving satisfactory assurance from the requesting party that: the plaintiff has received notice of the request and had the opportunity to have his or her objections resolved, or the disclosure is subject to an adequate protection order.

45 C.F.R. § 164.512(e)(1)(ii) (West 2004). The subpoenas thus have the potential to compromise Aviles *et al.*'s patient protections under those statutes and subject the health care providers to legal risk.

### i. The privilege applies to any psychological records.

The record does not suggest any confidential psychotherapist-patient communications on the part of Aviles *et al.*, and Plaintiffs have no direct knowledge of such communications. Flores Declaration at ¶4, Exhibit 3 (Deposition of Carina Gutierrez) and ¶10; Declaration of Blanca Rodriguez at ¶2-3. Nonetheless, Plaintiffs assert the privilege with regard to any such communications in an abundance of caution should the health care providers and

PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF
JOINT MOTION TO QUASH SUBPOENAS- 7

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Seattle Field Office
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882

clinics have any such communications in their custody.

### C. Aviles *et al.* have not waived the privilege because the record suggests no multiple causation issues in these cases.

The *California Psychiatric Transitions* court found that the Title VII plaintiff had waved the psychotherapist-patient privilege because "the emotional distress she allegedly suffered by reason of the sexual harassment claimed…is intertwined with a clinical diagnosis of depression" for which the plaintiff sought treatment, suggesting a multiple causation issue. 258 F.R.D. at 399. Despite the fact that their interrogatories and depositions have revealed no basis for a multiple-causation theory with regard to the Aviles *et al.* claimants, Defendant asserts that it has no way to develop a multiple causation theory other than by having unfettered access to the Class Members' medical records. *See* ECF No. 488 at 6. This argument is disingenuous, since defendant has verified the presence of potential 'multiple causation' issues through interrogatories and depositions in the cases of *other* class members, as described below. By contrast, none of the Aviles *et al*. class members' medical conditions described in the extant record suggests any such "intertwining" with plaintiffs' claimed emotional distress. Absent any showing to the contrary, the court should find no waiver of the privilege.

PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF
JOINT MOTION TO QUASH SUBPOENAS- 8

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Seattle Field Office
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882

### III. PLAINTIFFS' APPROACH TO DISCOVERABILITY OF MEDICAL RECORDS STRIKES AN APPROPRIATE BALANCE

Plaintiffs have not taken an "all-or-nothing" approach to the question of medical records and are not denying Defendants an opportunity to make their case. Defendants have subpoenaed the medical records not only of Class Members Aviles *et al.*, but also those of Aurelia Garcia, Wendy Granados, Angela Mendoza, and Lidia Sierra (*hereinafter* "Garcia *et al.*"). Flores Declaration at ¶5, Exhibit 4 (Evans Fruit Subpoenas). In its interrogatories and depositions of Garcia *et al.*, Defendant elicited potential multiple causation issues related to mental health.[2] Since those multiple causation theories might waive the therapist-patient privilege, and since the subpoenas for Garcia *et al.* requested *relevant* medical records (i.e., those related to treatment for mental health issues and resulting physical manifestations), Plaintiffs have not challenged the subpoenas of Garcia *et al.*'s records. By contrast, in the case of Aviles *et al.,* there is simply no reason to

---

[2] *See* Flores Declaration at ¶¶6-9, Ex. 5-8: Deposition of Carina Guitierrez at 78-79, lines 25-4; Aurelia Garcia at 44, lines 5-11 (describing medical treatment for mental health); Deposition of Lidia Sierra at 156, lines 7-12 (same); Deposition of Wendy Granados at 92, lines 17-23 and at 93, lines 14-16 (same); and Deposition of Angela Mendoza at 95, lines 10-19 and at 97, lines 20-21 (same).

PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF
JOINT MOTION TO QUASH SUBPOENAS- 9

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Seattle Field Office
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882

1  demand the invasive production of all their medical records. By alleging only
2  "garden variety" emotional distress, plaintiffs foreclose their own ability to
3  marshal medical evidence at trial. Defendant complains that its inability to fish
4  through Aviles *et al.*'s medical records would be unfair (ECF No. 488 at 6), but
5  this merely puts them on equal footing with Plaintiffs. Thus, Plaintiffs' approach
6  strikes the appropriate balance between allowing a defendant to prepare an
7  adequate defense and allowing civil rights plaintiffs to bring claims for the distress
8  caused by sexual harassment without fear that their entire medical history will be
9  offered up to adverse attorneys for unfettered scrutiny.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Seattle Field Office
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882

## IV. CONCLUSION

For the foregoing reasons, the court should grant Plaintiffs' motion to quash the subpoenas here at issue.[3]

DATED this 11th day of January, 2012.

NORTHWEST JUSTICE PROJECT

By: /s/ Blanca E. Rodriguez
BLANCA E. RODRIGUEZ, WSBA #27745
Attorney for Plaintiffs-Intervenors
Northwest Justice Project

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

| | |
|---|---|
| WILLIAM R. TAMAYO<br>Regional Attorney | P. DAVID LOPEZ<br>General Counsel |
| JOHN STANLEY<br>Supervisory Trial Attorney | JAMES L. LEE<br>Deputy General Counsel |
| CARMEN FLORES | GWENDOLYN Y. REAMS |

---

[3] In the alternative, the court should quash the subpoenas; but issue an order clarifying the relevance of non-mental health medical records to "garden variety" emotional distress claims, and instruct Plaintiff-Intervenors to produce such records.

PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF JOINT MOTION TO QUASH SUBPOENAS- 11

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Seattle Field Office
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882

| | |
|---|---|
| Senior Trial Attorney | Associate General Counsel |
| MAY CHE<br>Senior Trial Attorney | OFFICE OF THE GENERAL COUNSEL |
| DEBRA SMITH<br>Senior Trial Attorney | 131 M Street NE, 5th Floor<br>Washington, D.C. 20507 |

BY: /s/ *Carmen Flores*
EQUAL EMPLOYMENT OPPORTUNITYCOMMISSION
Attorneys for Plaintiff

PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF
JOINT MOTION TO QUASH SUBPOENAS- 12

**EQUAL EMPLOYMENT OPPORTUNITY**
**COMMISSION**
**Seattle Field Office**
**909 First Avenue, Suite 400**
**Seattle, Washington  98104-1061**
**Telephone:  (206) 220-6883**
**Facsimile:  (206) 220-6911**
**TDD:  (206) 220-6882**

# CERTIFICATE OF SERVICE

I hereby certify that on **11**th of January, 2012, I filed the foregoing **PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OFJOINT MOTION TO QUASH SUBPOENAS** with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following individuals listed below:

| | |
|---|---|
| Carolyn Cairns | cc@stokeslaw.com |
| Brendan V. Monahan | bvm@stokeslaw.com |
| Justo G. Gonzalez | jgg@stokeslaw.com |
| Sarah L. Wixson | slw@stokeslaw.com |

Stokes Lawrence
Velikanje Moore & Shore
120 N. Naches Avenue
Yakima, WA 98901-2757
Tel: 509.853-3000

| | |
|---|---|
| Christopher J. DeGroff | cdegroff@seyfarth.com |
| Asilia S. Backus | abackus@seyfarth.com |
| Gerald L. Maatman | gmaatman@seyfarth.com |

Seyfarth Shaw LLP
121 South Dearborn Street
Suite 2400
Chicago, Illinois 60603-5577
Tel: 312-460-5000

| | |
|---|---|
| Laura J. Maechtlen | lmaechtlen@seyfarth.com |

Seyfarth Shaw LLP
560 Mission Street, Suite 3100

PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF
JOINT MOTION TO QUASH SUBPOENAS- 13

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Seattle Field Office
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882

| | |
|---|---|
| 1 | San Francisco, CA 94105<br>Tel: 415-397-2823 |
| 2 | Fax: 415-397-8549 |
| 3 | Attorneys for Defendants |
| 4 | Daniel Robbins Case                                         rob@lbplaw.com |
| 5 | Larson Berg & Perkins PLLC<br>105 North 3rd Street |
| 6 | PO Box 550<br>Yakima, WA 98907 |
| 7 | Tel: 509.457-1515 |
| 8 | Attorneys for Defendants-Intervenors |

*s/ Victoria Richardson*
VICTORIA RICHARDSON
EEOC Paralegal

PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF JOINT MOTION TO QUASH SUBPOENAS- 14

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Seattle Field Office**
**909 First Avenue, Suite 400**
**Seattle, Washington 98104-1061**
**Telephone: (206) 220-6883**
**Facsimile: (206) 220-6911**
**TDD: (206) 220-6882**