IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | ) ) ) | NO.  CV-10-3033-LRS |
| Plaintiff, | ) ) ) | **ORDER GRANTING MOTION TO QUASH** |
| | ) ) | |
| ELODIA SANCHEZ, et al., | ) ) | |
| Plaintiffs-Intervenors, | ) ) | |
| v. | ) ) | |
| EVANS FRUIT CO., INC. | ) ) | |
| Defendant, | ) ) | |
| and | ) ) | |
| JUAN MARIN and ANGELITA MARIN, a marital community, | ) ) ) | |
| Defendants-Intervenors. | ) ) | |

**BEFORE THE COURT** is the Plaintiffs' Joint Motion To Quash A Subpoena For Mid Valley Community Clinic And Sunnyside Community Hospital Pursuant To Fed R. Civ. P. 45(c) (ECF No. 455). This motion is heard without oral argument.

Any failure by Plaintiffs' counsel  to formally confer with Defendants'

**ORDER GRANTING
MOTION TO QUASH -                    1**

counsel pursuant to LR 37.1(b) prior to filing the Motion To Quash is inconsequential in light of the emails which passed between counsel (ECF 496-1) prior to filing of the motion. It is apparent a formal conference would not have achieved a resolution given the solidly divergent views expressed in those emails. Impasse had already been reached by the time Plaintiffs filed their motion.

The class members whose records are sought answered interrogatories on November 4, 2011, identifying the conditions for which they sought medical treatment at either Mid Valley Community Clinic or Sunnyside Community Hospital. (ECF No. 496-2). These conditions were limited to foot injuries, knee injuries, laboratory work, and pregnancy. There is nothing suggesting the class members sought treatment for a mental health condition or the physical manifestations of a mental health condition.

To the extent there might be anything within these records that is relevant to the mental health of these class members, the court concludes, at this time, the same are protected from disclosure by the psychotherapist-patient privilege. The class members whose records are sought appear to seek compensation for "garden variety" emotional distress in that their alleged emotional distress did not cause specific mental or medical conditions, and did not have any physical manifestations.

By seeking emotional distress damages, these class members have not waived the psychotherapist-patient privilege. Here, the court deems it appropriate to apply the narrow approach to waiver as was done in *EEOC v. Wal-Mart Stores, Inc.*, _____ F.R.D. _____ (E.D. Wash. 2011). These class members do not intend to introduce medical records or expert testimony to support their claims for emotional distress damages. They will not rely on any privileged

**ORDER GRANTING
MOTION TO QUASH -                    2**

communications. "Multiple causation," that being the possibility emotional distress could have been caused by something other than alleged sexual harassment, is not clearly an issue with regard to these class members. If in the course of deposing these class members, Defendants discover a basis for believing there are more particularized mental or physical health issues, or that there were other potential causes or a long history of a relevant mental or physical illness, Defendants may offer that additional information to the court in a motion seeking approval of subpoenas for particular medical records. *Id*. at *2-3.

For the reasons set forth above, Plaintiffs' Joint Motion To Quash (ECF No. 455) is **GRANTED** and the subject subpoenas are **QUASHED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this order and to provide copies to counsel of record.

**DATED** this ___24th___ day of January, 2012.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
United States District Court Judge

**ORDER GRANTING MOTION TO QUASH -**                3