IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> ELODIA SANCHEZ, et al., <br><br> Plaintiffs-Intervenors, <br><br> v. <br><br> EVANS FRUIT CO., INC. <br><br> Defendant, <br><br> and <br><br> JUAN MARIN and ANGELITA MARIN, a marital community, <br><br> Defendants-Intervenors. | NO. CV-10-3033-LRS <br><br> **ORDER GRANTING MOTION FOR PROTECTIVE ORDER** |

**BEFORE THE COURT** is the Plaintiff EEOC's Motion For A Protective Order Barring Defendant Evans Fruit Company From Taking A Rule 30(b)(6) Deposition Of The EEOC (ECF No. 519). This motion is heard without oral argument.

By letter dated January 24, 2012 (ECF No. 522-3), counsel for Plaintiff EEOC, Debra A. Smith, Esq., requested to "meet and confer" with counsel for

**ORDER GRANTING MOTION FOR A PROTECTIVE ORDER -   1**

Defendant regarding Defendant's 30(b)(6) Notice.  Noting she would be on a medical leave of absence for a period of time, Ms. Smith advised counsel for Defendant that if they were unable to respond to her by January 25, they should direct a response to other EEOC counsel involved in the case, but in any event, that they "please respond to this meet and confer request no later than close of business Friday, January 27, 2012, so that we may timely file our motion for protective order, given that you have noticed the deposition for February 13, 2012."  EEOC filed its motion on January 30 after having not heard from counsel for Defendant.  Because Defendant's counsel was specifically advised of the intentions of EEOC's counsel, and considering the need for a prompt judicial resolution of the dispute in the event counsel could not accomplish the same on their own, the court finds EEOC's counsel made a satisfactory attempt to meet and confer with counsel for Defendant.  Furthermore, nothing contained in Defendant's response suggests there was any possibility the parties could have arrived at an informal resolution of their dispute.

      The 20 broad and wide-ranging categories of inquiry listed in Defendant's Amended 30(b)(6) Notice effectively seek information regarding EEOC's interpretation or evaluation of how particular facts support or refute the allegations in EEOC's First Amended Complaint.[1]  More fundamentally, the categories of

---

[1] The Amended Notice (ECF No. 538-1), dated January 31, adds three categories of inquiry which were not contained in the original Notice (ECF No. 522-1), dated January 17.  These additional categories of inquiry were obviously not addressed in EEOC's opening memorandum in support of its motion for protective order, filed January 30, nor were they addressed in Defendant's response thereto.  Nonetheless, the court believes they raise the same problems as the original 17 categories of inquiry.  Furthermore, the information sought-

**ORDER GRANTING MOTION FOR A PROTECTIVE ORDER -    2**

inquiry seek information as to how and why EEOC determined it should proceed with this case. As such, they impermissibly seek attorney work product and/or information which is subject to the government's deliberative process privilege.

The deliberative process privilege protects "the decision making processes of government agencies." *NLRB v. Sears Roebuck & Co.*, 421 U.S. 132, 150, 95 S.Ct. 1504 (1975). In *Equal Employment Opportunity Commission v. California Psychiatric Transitions*, 258 F.R.D. 391, 397 (E.D. Cal. 2009), the district court declined to quash the 30(b) deposition of an EEOC investigator because "many of the questions Defendant is seeking are related to clarifying factual information contained in the EEOC's investigative file and would not be covered under the deliberative process privilege" and "[t]he information Defendant is seeking is similarly not cumulative because the questions relate to ambiguous references in the investigative file." The district court found:

> Defendant should be able to clarify ambiguities related to the factual aspects of the material. However, any conclusions, interpretations, or recommendations that the investigator formulated would be subject to the privilege. Thus, any impressions of the witnesses including credibility determinations are subject to the privilege and are also irrelevant as credibility determinations are reserved for the trier of fact at trial.

*Id*. at 397-98.

In *Equal Employment Opportunity Commission v. McCormick & Schmick's

---

EEOC's knowledge regarding the immigration status of each charging party and class member; efforts taken by EEOC to assist charging parties and class members with their immigration status; and policies, procedures, practices and criteria used by EEOC for asserting Fifth Amendment protection from responding to discovery requests- has no apparent relevance to the merits of the Title VII claims of the charging parties and class members. As noted in a previous order, immigration status is irrelevant to Title VII liability.

**ORDER GRANTING MOTION**
**FOR A PROTECTIVE ORDER -    3**

*Seafood Restaurants, Inc.*, 2010 WL 2572809 (D. Md. 2010), at issue was a 30(b)(6) deposition notice served upon the EEOC seeking testimony regarding 15 categories of inquiry bearing considerable resemblance to the categories of inquiry at issue here. Citing *California Psychiatric Transitions*, among other cases, the district court concluded that "[d]efendant's deposition subjects are not asking for clarification of factual data, but rather for how EEOC's counsel has marshalled the facts learned during its investigation in support of its case," that "[a]ll of the subject areas are likely to require testimony of EEOC counsel or a proxy prepared by counsel" and "[t]hus, an invasion of attorney work product would be inevitable." *Id*. at *6.

In *U.S. Equal Employment Opportunity Commission v. Pinal County*, 714 F.Supp.2d 1073 (S.D. Cal. 2010), the district court quashed a 30(b)(6) deposition subpoena served upon the Acting Director of EEOC's San Diego Local Office. Defendant contended that because the factual basis for the EEOC's probable cause finding was not set forth in its letter of determination, a deposition was necessary to clarify and interpret the determination letter and to understand the factual basis of the EEOC's determination. Citing three cases, including *California Psychiatric Transitions*, the district court concluded the information sought was protected from disclosure by the deliberative process privilege:

> Here, in contrast to the above cases, Respondents have made no argument that the investigative files produced by the EEOC require any clarification or contain any ambiguity. Indeed, Respondents have provided no information to the Court about the content of those documents and why the documents do not answer the questions Respondents have concerning the factual basis for the EEOC's probable cause determination. Instead, Respondents seek to obtain clarification and interpretation of *the EEOC's determination letter itself*, a wholly different, and broader, matter than the

**ORDER GRANTING MOTION
FOR A PROTECTIVE ORDER -    4**

> **discrete factual clarifications** sought by the defendants in the above three cases. "Clarification and interpretation" of the EEOC's determination letter would undoubtedly require revealing information about the EEOC's deliberative process, such as its analysis of the information obtained, its witness credibility evaluations, its evaluation of the evidence, the personal opinions of EEOC representatives, and the decision-making process of the EEOC. . . . As the EEOC observes, asking . . . any EEOC representative . . . to even set forth the selected facts which constitute the factual basis of the probable cause finding would infringe on the deliberative process privilege as it would reveal the EEOC's evaluation and analysis of the extensive factual information gathered by the agency.

*Id*. at 1078 (emphasis in **bold** added).

Here too, in the captioned matter, the Defendant has made no argument the investigative files produced by the EEOC require any clarification or contain any ambiguity. It is not apparent that Defendant is seeking any "discrete factual clarifications" of information contained in the investigative files provided to it by EEOC. Instead, the broad and wide-ranging categories of inquiry set forth in Defendant's 30(b)(6) deposition notice indicate Defendant is seeking EEOC's analysis of the information it obtained, its witness credibility evaluations, its evaluation of the evidence, personal opinions of EEOC representatives, and the decision-making process of the EEOC.

Several of the categories of inquiry set forth in the 30(b)(6) deposition notice seek information regarding EEOC's investigative and conciliation efforts (Nos. 9-10 and 13-17). Allowing the Defendant unfettered discretion to ask questions about the investigation and the conciliation process would open the door to inquiry into EEOC's evaluation of the strengths and weaknesses of its case and into its decision-making process. See *EEOC v. Keco Industries, Inc.*, 748 F.2d 1097, 1100 (6th Cir. 1984), quoting *EEOC v. Chicago Miniature Lamp Works*, 526

**ORDER GRANTING MOTION
FOR A PROTECTIVE ORDER -    5**

F.Supp. 974, 975 (N.D. Ill. 1981) (prohibiting inquiry into nature and extent of investigation because that is a matter within the discretion of the agency and "[t]hat line of inquiry would deflect the efforts of both the court and the parties from the main purpose of the litigation: to determine whether [the defendant] has actually violated Title VII"). Furthermore, these inquiries appear to seek information which would be cumulative or duplicative of information contained in the EEOC files already provided to Defendant. *Pinal County*, 714 F.Supp.2d at 1078. It is also noted that Defendant, as the focus of the investigation and a participant in the conciliation process, must be largely aware of what the EEOC did and did not do in these respects. This civil action has its origin in an EEOC charge filed in August 2006, a pre-suit investigation which took place in 2007, and a conciliation effort that commenced in December 2007 and was not concluded until March 2009. This action was commenced in June 2010 and the parties have now been engaged in discovery, in one form or another, for the better part of a year and a half. Defendant has had, and still has, sufficient opportunity to discover the facts underlying the EEOC's Title VII claims by conducting its own investigation and deposing the individual charging parties and class members. The details of the EEOC's investigative and conciliation efforts are not essential to Defendant's understanding and defense of the Title VII claims.

     The purpose of EEOC's investigation of a discrimination charge is to determine if there is a basis for that charge. The reasonable cause determination issued as a result of the investigation is intended to notify the employer of the EEOC's findings and provide a basis for conciliation proceedings. *Keco Industries*, 748 F.2d at 1100. Here, the EEOC indicates it "might not seek to admit its letters of determination into evidence at trial." Even if it chooses to do

**ORDER GRANTING MOTION
FOR A PROTECTIVE ORDER -    6**

so, the focus of the trial will be on the merits of the Title VII claims (were the charging parties and class members sexually harassed by Evans Fruit supervisors), not the meaning of EEOC's reasonable cause determination letters. *Pinal County*, 714 F.Supp.2d at 1079. The best way for Defendant to counter the reasonable cause determination of the EEOC is to present its defense against the sexual harassment claims "by way of testimony of percipient witnesses of the underlying events and the presentation of admissible documentary evidence." *Id*.[2] A finding of reasonable cause does not suggest to the trier of fact that the EEOC has already determined there has been a violation, but suggests preliminarily there is reason to believe that a violation has taken place. *Id*., citing *Gilchrist v. Jim Slemons Imports, Inc.*, 803 F.2d 1488, 1500 (9th Cir. 1986). As in *Pinal County*, if EEOC seeks to admit its letters of determination into evidence, and they are admitted, the court will consider whether a limiting instruction should be given to the jury. *Id*.

For the reasons set forth above, EEOC's Motion For A Protective Order (ECF No. 519) is **GRANTED** and the Amended Notice of 30(b)(6) Deposition (ECF No. 538-1) is **QUASHED**. It is appropriate to make this ruling now rather than allowing the deposition to proceed with EEOC reserving the right to object to questions on the basis of privilege. There is little doubt the EEOC would be lodging numerous such objections which would require eventual resolution either during the deposition or subsequent thereto. This would be an inefficient use of the parties' time and the court's time.

From outward appearances, counsel for EEOC, in its recent "Application

---

[2] In *Pinal County*, the reference was to a "probable cause" determination, although this appears to be synonymous with "reasonable cause."

**ORDER GRANTING MOTION FOR A PROTECTIVE ORDER -    7**

For Order To Show Cause," and now counsel for Defendant, have both embarked on unwarranted efforts to scrutinize each other's investigation and, whether intentional or not, gain access to each other's work product. These are collateral matters which deflect the efforts of both the court and the parties from the main purpose of this litigation which is to determine whether Defendant has actually violated Title VII. The court has declined to litigate the investigation of the case conducted by Defendant's counsel, (see "Order Denying Application For Order To Show Cause," ECF No. 514, at pp. 4-5 ), and now declines to litigate EEOC's investigation of the case.

Perhaps it bears repeating what the court stated in its "Order Denying Application For Order To Show Cause" at p. 7: "The time has come for the claims of the class members and the charging parties to be tried without further delay. It is time for the parties to begin preparing for trial in earnest and for a jury to hear the sexual harassment allegations and finally decide who is credible and who is not." The credibility of counsel is not the issue. The issue is the credibility of the charging parties and the class members versus the credibility of the Defendant's supervisors who are alleged to have engaged in sexual harassment of the charging parties and class members.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this order and to provide copies to counsel of record.

**DATED** this ___10th___ day of February, 2012.

*s/Lonny R. Suko*

_____
LONNY R. SUKO
United States District Court Judge

**ORDER GRANTING MOTION
FOR A PROTECTIVE ORDER -    8**