IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br><br>Plaintiff,<br><br>ELODIA SANCHEZ, et al.,<br><br>Plaintiffs-Intervenors,<br><br>v.<br><br>EVANS FRUIT CO., INC.<br><br>Defendant,<br><br>and<br><br>JUAN MARIN and ANGELITA MARIN, a marital community,<br><br>Defendants-Intervenors. | NO. CV-10-3033-LRS<br><br>**ORDER RE EVANS FRUIT CO., INC.' S MOTION FOR SUMMARY JUDGMENT,** *INTER ALIA* |

**BEFORE THE COURT** is Evans Fruit Co., Inc.'s Motion For Summary Judgment (ECF No. 568) and Plaintiff EEOC's Motion For Partial Summary Judgment (ECF No. 549). These motions were heard with oral argument on May 17, 2012.

**ORDER RE EVANS FRUIT CO., INC.'S MOTION FOR SUMMARY JUDGMENT - 1**

BACKGROUND

EEOC asks the court to find as a matter of law that it satisfied all the preconditions to bringing suit against Evans Fruit under Title VII (ECF No. 549). One of the preconditions of suit is an attempt to conciliate the charges of unlawful discrimination. Evans Fruit asks the court to find as a matter of law that EEOC made no attempt to conciliate the unlawful discrimination claims of 17 class members. With one exception (Elodia Sanchez), all of these class members were first named as additional class members in EEOC's First Amended Complaint filed November 29, 2011. Besides Elodia Sanchez, the other class members whose claims Evans Fruit alleges were not conciliated include: Carina Miranda Gutierrez, Esmeralda Aviles, Vanessa Aviles, Lidia Sierra Bravo, Ester Abarca, Danelia Barajas, Cecilia Lua, Magdalena Alvarez, Maria Carmen Zaragoza, Eufrocina Hernandez, Maria Dolores Sagal, Veronica Reyna, Silvia Izquierdo, Jennifer Ruiz, Leonor Hernandez, and Diana Barajas. Evans Fruit asks that the Title VII claims of these 17 women be dismissed.

There appears to be no dispute that EEOC based its lawsuit on a timely and valid charge of discrimination and properly notified Evans Fruit about the discrimination charges against it. What Evans Fruit disputes is whether prior to filing suit, the EEOC could have conducted any investigation of the claims of the 17 class members (16 of whom were first named in the First Amended Complaint), could have issued a "reasonable cause" determination as to them, and could have conciliated their claims since the EEOC (with the exception of Elodia Sanchez) did not know who these women were before it originally filed suit in June 2010. Elodia Sanchez is named as a class member in EEOC's original complaint filed in June 2010, but Evans Fruit maintains there was no attempt by EEOC to conciliate her hostile work environment claim prior to the

**ORDER RE EVANS FRUIT CO.,
INC.'S MOTION FOR SUMMARY JUDGMENT - 2**

filing of the suit in June 2010.  According to Evans Fruit, in the course of pre-suit conciliation efforts, EEOC specifically identified only eight women: Jacqueline Abundez, Angela Mendoza, Wendy Granados, Wendy Roboloreo, Alida Miranda, Norma Valdez, Maria Ines Vargas Herrera, and Laurelia (Aurelia) Garcia.  Evans Fruit also seeks dismissal of these women, contending that although conciliation was attempted with regard to them, it was not a "good faith" attempt.

**DISCUSSION**

Relying on a recent Eighth Circuit case, *EEOC v. CRST Van Expedited, Inc.*, ____ F.3d ____ (8th Cir. 2012)[1], and a case out of the Southern District of California, *EEOC v. Dillard's Inc.*, 2011 WL 2784516 (S.D. Cal., July 14, 2011), Evans Fruit contends EEOC was obligated to discover and identify the aforementioned 17 class members during the course of its administrative investigation and attempt to conciliate their claims before it filed its lawsuit in June 2010.  Instead, Evans Fruit says EEOC filed this case and improperly waited to use federal court discovery to search for class members.  Evans Fruit contends that because the conciliation requirement is jurisdictional in nature, dismissal of the 17 Title VII claims is necessary.

EEOC does not dispute the Eight Circuit's holding in *CRST*, but contends that requiring the EEOC to identify every potential victim before filing suit is unsupported by the language of Title VII and conflicts with all but

---

[1] This decision, following panel rehearing, vacated and superseded the panel's original decision at 670 F.3d 897 (8th Cir. 2012).  The decision on rehearing did not substantively alter the original decision.

**ORDER RE EVANS FRUIT CO., INC.'S MOTION FOR SUMMARY JUDGMENT - 3**

one of the circuit courts (8th Circuit) that have addressed the question. EEOC cites to decisions from some other circuit courts, but the Ninth Circuit is not among them. Evans Fruit, as well, does not cite to any Ninth Circuit decision on this issue, acknowledging the Ninth Circuit has not provided a standard for district courts to apply when evaluating whether the EEOC has met its statutory obligation to conciliate in good faith.

*Dillard's* did not rely on a Ninth Circuit Court of Appeals decision, but on a district court decision out of the Southern District of Indiana, *EEOC v. Jillian's of Indianapolis, IN, Inc.*, 279 F.Supp.2d 974, 980 (S.D. Ind. 2003), for its conclusion that "the EEOC may seek relief on behalf of individuals beyond the charging parties and for alleged wrongdoing beyond those originally charged; however, the EEOC must discover such individuals and wrongdoing *during the course of its investigation*." 2011 WL 2784516 at * 6 (emphasis in text). In *Dillard's*, the district court concluded the EEOC's investigation was insufficient to notify Dillard's that it potentially faced claims on behalf of a nationwide class and therefore, did not provide an adequate opportunity to conciliate nationwide class claims. That did not, however, preclude class claims on behalf of unidentified class members who were current and former employees of the El Centro store. The *Dillard's* court did not adopt a rule requiring all alleged victims be identified before EEOC commences a lawsuit and their specific claims be conciliated. According to the court:

> Title VII requires the EEOC to notify employers of and provide them an opportunity to conciliate all claims against them before initiating a civil suit in federal court. Here, except for one inquiry as to whether the policy in question was companywide, the EEOC's investigation focused entirely on Dillard's El Centro store. Similarly, except for suggested changes to Dillard's companywide disability discrimination policy, **the EEOC's conciliation efforts focused on two individuals- [Corina] Scott and**

**ORDER RE EVANS FRUIT CO.,
INC.'S MOTION FOR SUMMARY JUDGMENT - 4**

> **[Brittany] Rios Kim-** both of whom worked at the El Centro store. Although communications from the EEOC to Dillard's refer generically to other "similarly-situated' individuals, the EEOC provided no affirmative indication during its investigation or conciliation efforts that its allegations might result in nationwide claims on behalf of current and former Dillard's employees. Thus, the EEOC's pre-litigation efforts failed to provide sufficient notice that Dillard's potentially faced claims on behalf of a nationwide class. **The scope of EEOC's pre-litigation efforts was sufficient, however, to put Dillard's on notice of possible claims on behalf of current and former employees of its El Centro store.** *See [EEOC v.]Outback [Steak House of Florida, Inc.],* 520 F.Supp. 2d [1250] at 1267 [(D. Colo. 2007)] (where the investigation focused on a three state region, the EEOC's references to "Charging Part[ies] and a class of females" may have put defendants on notice of a potential regional class, but not a potential nationwide class); *Jillian's*, 279 F.Supp.2d at 983 (the reference in the EEOC's determination to a "class of similarly-situated male employees and applicants" provided sufficient notice of a potential "local class").

*Id*. at *8 (emphasis added).

To the extent Dillard's motion sought to limit the EEOC's claims to current and former employees of the El Centro Store, it was granted by the court. However, the court denied the motion to the extent it sought to preclude EEOC claims on behalf of all individuals other than Corina Scott, which included unidentified similarly situated current and former employees of the El Centro Store. In sum, *Dillard's* does not proclaim a rule like *CRST* apparently does, that all class members have to be specifically identified and their claims conciliated before suit can be filed on their behalf. The *Dillard's* court specifically acknowledged that "[t]he EEOC can seek relief for individuals situated similarly to the charging party and is not required to identify every potential class member." 2011 WL 2784516 at *6.

The dissenting judge in the Eighth Circuit's *CRST* decision noted that *Dillard's* "stated that EEOC 'is not required to identify every potential class

**ORDER RE EVANS FRUIT CO.,
INC.'S MOTION FOR SUMMARY JUDGMENT - 5**

member' before filing suit but permitted the EEOC to litigate only local class members' claims because the 'scope of pre-litigation efforts [was] limited' to one store location." *CRST*, 2012 WL 1583026 at *30, quoting *Dillard's*. According to Judge Murphy, "[n]either Title VII nor our prior cases require that EEOC conduct its presuit obligations for each complainant individually when litigating a class claim. Rather, we have required that the EEOC perform these duties for each **type** of Title VII violation alleged by the complainant." 2012 WL 1583026 at *29, citing *EEOC v. Delight Wholesale Co.*, 973 F.2d 664, 668-69 (8th Cir. 1992)). (Emphasis in text). She noted that "[o]ther circuit courts have similarly held that the 'nature and extent' of the EEOC's investigation is beyond the scope of judicial review and that the EEOC need not separately conciliate individual class members when pursuing a class based sexual discrimination claim." *Id.,* citing *EEOC v. Keco Indus., Inc.*, 748 F.2d 1097, 1100-01 (6th Cir. 1984), and *EEOC v. Rhone-Poulenc, Inc.*, 876 F.2d 16, 1 (3rd Cir. 1989).

    The undersigned is not persuaded the Ninth Circuit would adopt a rule that the EEOC must specifically identify, investigate and conciliate each alleged victim of discrimination before filing suit.[2] During the course of its administrative investigation in the captioned matter, the EEOC discovered there was a local class of females at the Sunnyside Ranch who alleged that like the named charging parties (Jacqueline Abundez, Angela Mendoza, Wendy Granados) they too had experienced sexual harassment by the general manager

---

[2] In it prior "Order Granting Motion To Intervene" (ECF No. 504 at p. 6), this court stated that "[i]dentification of proposed intervenors by name during the conciliation process was not necessary."

**ORDER RE EVANS FRUIT CO., INC.'S MOTION FOR SUMMARY JUDGMENT - 6**

(Juan Marin). Eventually, during the conciliation process, EEOC specifically identified five members of that local class (Wendy Roboloreo, Alida Miranda, Norma Valdez, Maria Ines Vargas Herrera, and Laurelia (Aurelia) Garcia), and an additional class member (Elodia Sanchez) was identified after conciliation efforts had ceased, but prior to or in conjunction with the filing of the original complaint in June 2010. The existence of a local class was known during pre-suit conciliation efforts, even though the total number of class members remained unknown. The specific identities of the additional class members was ascertained after suit was filed and it may well be the EEOC used federal court discovery, in addition to other means, to identify those additional class members. This was not improper, however, because the discovery of the local class occurred and was divulged to Evans Fruit during the course of EEOC's administrative investigation.

      EEOC's pre-litigation efforts in the case at bar were sufficient to put Evans Fruit on notice of possible claims of current and former employees of the Sunnyside Ranch (a "local class") who had worked under the supervision of Juan Marin. In her August 18, 2006 "Charge Of Discrimination," Jacqueline Abundez alleged she "was subjected to unwelcome sexual comments and advances by the general manager, Juan Marin," and that she further "believe[d] that a class of females experienced similar inappropriate actions by the general manager." In its July 24, 2008 "Amended Determination," the EEOC found "reasonable cause to believe the Charging Party was subjected to sexual harassment" in the form of "unwelcome sexual comments and conduct from the Sunnyside foreman, Juan Marin," and that "a class of similarly situated female employees were sexually harassed." The EEOC specifically sought relief on behalf of the "similarly situated female employees." Eventually, during the

**ORDER RE EVANS FRUIT CO.,**
**INC.'S MOTION FOR SUMMARY JUDGMENT - 7**

conciliation process, the EEOC specifically identified some of the individuals who were part of the class of females allegedly subjected to sexual harassment at the Sunnyside farm, including Wendy Roboloreo, Maria Ines Vargas Herrera, Norma Valdez and Alida Miranda. Later, Laurelia Garcia was specifically identified. Obviously, however, not all of the class members were identified by March 16, 2009 when the EEOC terminated conciliation efforts, nor by June 2010 when the EEOC filed suit.[3]

    From the very outset of this litigation in June 2010, it was known that the EEOC had not named all of the class members and that it intended to add class members during the course of the litigation. The original complaint referred to unidentified "similarly situated" individuals. (ECF No. 1). See also ECF No. 212 (November 30, 2010 "Order Re Class Certification" finding no need for class certification). In its March 24, 2011"Order Re Motion For Declaratory Rulings Re: Burdens Of Proof" (ECF No. 264), the court stated EEOC was entitled to identify additional class members as participants in the litigation and would be required to so identify them in an amended complaint filed no later than November 29, 2011). The EEOC's "First Amended Complaint" (ECF No. 396) identified the additional class members. In its order dated January 27, 2012 (ECF No. 514), the court denied the EEOC's motion to continue the deadline for identifying class members, noting the EEOC had been given a full

---

[3] Roboloreo and Herrera, although previously identified as class members during the conciliation efforts, were not identified as class members in the original complaint filed in June 2010. They were not specifically identified as class members until the First Amended Complaint was filed by EEOC in November 2011.

**ORDER RE EVANS FRUIT CO.,
INC.'S MOTION FOR SUMMARY JUDGMENT - 8**

year from the November 2010 Scheduling Order to add class members and that it was difficult to believe every potential class member had not been found within that time.

In it January 18, 2012 "Order Granting Motion To Intervene" (ECF No. 504), this court allowed Esmeralda Aviles, Vanessa Aviles, Danelia Barajas and Cecilia Lua to intervene as Plaintiffs in this matter asserting a Title VII claim against Evans Fruit, a Washington Law Against Discrimination (WLAD) claim against Evans Fruit and the Marins, and two common law negligence claims against Evans Fruit.[4] Evans Fruit opposed the intervention, contending it would be futile because Evans Fruit had not had an opportunity to conciliate their claims. This court rejected that argument. It found the claims of the proposed-intervenors were timely because they could be "piggybacked" on to the charge which had been filed by Jacqueline Abundez Mendoza in August 2006. Citing *EEOC v. Cal. Psychiatric Transitions, Inc.*, 644 F.Supp.2d 1249, 1273 (E.D. Cal. 2009), and *EEOC v. Keco Industries, Inc.*, 748 F.2d 1097, 1102 (6th Cir. 1984), this court concluded as follows:

> There is sufficient evidence here that EEOC attempted conciliation on behalf of all allegedly "aggrieved persons" and invited Defendant to conciliate all of the claims against it, including "a class of similarly situated female employees," (Amended Determination dated July 24, 2008 at ECF No. 424-8), for whom EEOC proposed a monetary settlement (July 30, 2008 letter from EEOC to counsel for Defendant at ECF No. 424-9 seeking compensatory and punitive damages for "the class of similarly situated female employees"). Conciliation efforts continued until March 13, 2009, when EEOC formally determined those efforts had failed. (ECF Nos. 424-10 through 424-17). The proposed intervenors clearly fall within this "class of similarly situated female employees." **Identification of the proposed intervenors by name during the conciliation process was not necessary.** It appears some of the instances of sexual harassment

---

[4] Each of these women are also EEOC class members.

**ORDER RE EVANS FRUIT CO., INC.'S MOTION FOR SUMMARY JUDGMENT - 9**

> alleged by the proposed intervenors may have occurred after EEOC filed its original Complaint in June 2010, but many of them also occurred either during the course of the conciliation efforts and/or prior to the filing of suit which did not take place until over a year after the EEOC declared conciliation efforts to be unsuccessful. (See Paragraphs 15-16; 19-20 of First Amended Complaint, ECF No. 396).

(Emphasis added).

The primary focus of the court's order was on the timeliness of the proposed intervenors' claims, rather than the sufficiency of pre-suit conciliation efforts. While the court indicated EEOC had attempted conciliation, it did not specifically analyze whether the attempted conciliation was in "good faith." In other words, the fact there was "sufficient evidence" of attempted conciliation does not necessarily mean the attempted conciliation was sufficient. The court has now had an opportunity to take another look at the correspondence exchanged between EEOC and Evans Fruit during the conciliation process.

Following its Amended Determination dated July 24, 2008, finding "that a class of similarly situated female employees were sexually harassed," EEOC sent a letter to counsel for Evans Fruit, dated July 30, 2008, seeking $1,000,000 in compensatory and punitive damages for the class, in addition to $900,000 in such damages for the three charging parties. Counsel for Evans Fruit responded in a letter dated August 25, 2008, contending it had been presented no evidence by the EEOC that there was "a class of women who claimed sexual harassment by this same foreman." The letter further stated that Evans Fruit was "willing to undertake significant remedial relief" and "provide a modest financial sum to resolve the matter."

In a December 8, 2008 letter, EEOC identified Wendy Roboloreo, Maria Ines Vargas Herrera, Norma Valdez and Alida Miranda as being "part of a class

**ORDER RE EVANS FRUIT CO., INC.'S MOTION FOR SUMMARY JUDGMENT - 10**

of females that were subjected to sexual harassment at the Sunnyside farm." The EEOC indicated it continued to seek $1,000,000 on behalf of the class. Counsel for Evans Fruit responded in a letter dated December 15, 2008, contending EEOC had still provided no evidence to suggest Evans Fruit had "$1.9 million in exposure," and pointing out what is considered to be a limited amount of time several of the newly identified class members had actually worked for Evans Fruit.

In a letter dated January 23, 2009, EEOC stated it had "identified class members who describe an illegal hostile work environment created by Juan Marin and crew leaders." It appears this was the first reference to the alleged involvement of crew leaders, although no crew leaders were identified by name. EEOC modified its proposal to indicate it now sought $550,000 on behalf of the charging parties and $450,000 on behalf of the class members. EEOC requested that Evan Fruit provide a meaningful counteroffer. Counsel for Evans Fruit responded in a letter dated January 30, 2009. Although it appreciated that EEOC had reduced its demand to $1 million, Evans Fruit maintained it "still [had] no idea what evidence there is to support such a demand."

In a letter dated February 27, 2009, EEOC provided some details about the class members it had previously identified (Roboloreo, Miranda and Vargas-Herrera), and identified a new class member (Laurelia Garcia) for whom it also provided some details regarding alleged harassment suffered by her. EEOC identified certain crew leaders or co-workers as being involved in the harassment, but they were only identified by their first names ("Celestino" and a "Marcelo" who worked in a crew led by "Simon"). EEOC reiterated its demand for $550,000 for the charging parties and $450,000 for the class

**ORDER RE EVANS FRUIT CO.,
INC.'S MOTION FOR SUMMARY JUDGMENT - 11**

members. In a letter dated March 10, 2009, counsel for Evans Fruit responded that she had no idea who "Celestino" might be, nor did she know the last names of the persons identified as "Marcelo" and "Simon." Counsel asked for information about these individuals, as well as for other information. She indicated she would look further into the allegations of harassment and would provide a status report if she were unable to "get back" to EEOC within two weeks. A mere six days later, on March 16, 2009, counsel received a letter from EEOC indicating it had determined that conciliation efforts had been unsuccessful and were therefore, at an end. The letter was dated March 13, 2009, only three days after the date of counsel's last letter to EEOC.

"[T]here is a split among the [circuit courts] regarding the proper standard for reviewing whether the EEOC has attempted to conciliate in good faith." *EEOC v. Alia Corporation*, ___ F.Supp.2d ___, 2012 WL 393510 at *9 (E.D. Cal. Feb. 6, 2012), quoting *EEOC v. Timeless Investments, Inc.*, 734 F.Supp.2d 1035, 1052 (E.D. Cal. 2010). The Ninth Circuit has not weighed-in on this issue, but district courts within the circuit "have generally tilted toward the approach taken by the Sixth [*EEOC v. Keco Industries, Inc.*, 748 F.2d 1097, 1102 (6th Cir. 1984)] and Tenth Circuits [*EEOC v. Zia Co.*, 582 F.2d 527, 533 (10th Cir. 1978)], affording the EEOC wide deference in discharging its duty to conciliate." *Id.* at *10, citing among others, *EEOC v. Cal. Psychiatric Transitions, Inc.*, 644 F.Supp. 2d 1249, 1273 (E.D. Cal. 2009) (applying the deferential standard expressed by the Sixth Circuit in *Keco*). The *Alia* court concluded that it too, in evaluating the sufficiency of the EEOC's conciliation efforts in the case before it, would defer to the judgment of the EEOC and confine its inquiry to whether the EEOC "made an *attempt* at conciliation." *Id.*, quoting *Keco*, 748 F.2d at 1102 (emphasis in original). Thus so long as [the

**ORDER RE EVANS FRUIT CO.,
INC.'S MOTION FOR SUMMARY JUDGMENT - 12**

defendant] was given "an opportunity to respond to all [the] charges and [to] negotiate settlement[]," the EEOC fulfilled its statutory duty to conciliate in good faith." *Id.*, quoting *EEOC v. Prudential Federal Sav. & Loan Assoc.*, 763 F.2d 1166, 1169 (10th Cir. 1985).

Even under what is purportedly the more deferential standard, not just any attempt at conciliation will suffice. It must be a "good faith" attempt. The purportedly more stringent standard adopted by the Second, Fifth and Eleventh Circuits requires courts to evaluate "the reasonableness and responsiveness of the EEOC's conduct under all the circumstances." *Alia*, 2012 WL 393510 at *9, quoting *EEOC v. Klingler Elec. Corp.*, 636 F.2d 104, 107 (5th Cir. 1981), and citing *EEOC v. Asplundh Tree Expert Co.*, 340 F.3d 1256, 1259 (11th Cir. 2003), and *EEOC v. Johnson & Higgins, Inc.*, 91 F.3d 1529, 1534 (2nd Cir. 1996). Under this standard, the EEOC must at least: (1) outline to the employer the reasonable cause for its belief that a violation of the law has occurred; (2) offer an opportunity for voluntary compliance; and (3) respond in a reasonable and flexible manner to the reasonable attitudes of the employer. *Asplundh*, 340 F.3d at 1259. It is noted, however, that there are district courts within the Ninth Circuit which, although following what is purportedly the more deferential standard, appear to nonetheless require the minimum effort articulated by the circuits employing the purportedly more stringent standard. Thus, in *EEOC v. California Psychiatric Transitions* (*"Psychiatric Transitions II"*), 725 F.Supp.2d 1100, 1114-15 (E.D. Cal. 2010), the court stated: "[T]he law requires no more than a good faith attempt at conciliation by the EEOC; in doing so, the EEOC must outline the basis for its determination of discrimination, offer an opportunity for voluntary compliance, and **respond flexibly to the reasonable attitudes of the employer**." (Emphasis added).

**ORDER RE EVANS FRUIT CO., INC.'S MOTION FOR SUMMARY JUDGMENT - 13**

Although EEOC was not required to identify all of the class members and conciliate all of their specific claims prior to filing suit, this court believes a "good faith" attempt at conciliation required EEOC to be more forthcoming regarding the type of damages sought (back pay, front pay, emotional distress, etc.), some justification for the amount of damages sought, potential size of the class, general temporal scope of the allegations, and the potential number of individuals, other than Juan Marin, alleged to be involved in the harassment. All of the letters from counsel for Evans Fruit to EEOC during the conciliation process represented reasonable requests and evidenced a "reasonable attitude" on the part of the employer. EEOC responded with some flexibility to these letters. However, EEOC's last letter of March 10, 2009, simply declared conciliation unsuccessful without any explanation for doing so. EEOC outlined for Evans Fruit the basis for its determination of discrimination and it offered Evans Fruit an opportunity for voluntary compliance, but this opportunity was not reasonable because of its failure to respond flexibly to all of Evans Fruit's reasonable requests for information to allow it to more knowledgeably evaluate EEOC's offer. This court is not imposing its own notions what kind of an agreement EEOC and Evans Fruit might have or should have reached. *Zia*, 582 F.2d at 533 ("a court should not examine the details of the offers and counteroffers between the parties, nor impose its [own] notions of what the agreement should provide[.]"). It is, however, saying that EEOC acted unreasonably in failing to respond flexibly to all of Evans Fruit's requests for information and abruptly terminating the conciliation process without explanation for doing so. Without the requested information, Evans Fruit could not knowledgeably evaluate the reasonableness of EEOC's demand.

The question then becomes whether failure to conciliate claims in "good

**ORDER RE EVANS FRUIT CO.,
INC.'S MOTION FOR SUMMARY JUDGMENT - 14**

faith" requires dismissal of those claims.  Based on its examination of the legal landscape existing at the time, the district court in *Dillard's* concluded that Title VII's pre-litigation requirements are jurisdictional such that if they are not satisfied as to a particular claim, the court is without subject matter jurisdiction to consider the claim and is compelled to dismiss it.  2011 WL 2784516 at *4-5.  More recently, however, the *Alia* court in the Eastern District of California, based on recent developments in the law, including the U.S. Supreme Court decisions in *Reed Elsevier, Inc. v. Muchnik*, ___ U.S. ___, 130 S.Ct. 1237, 1248 n. 9 (2010), and *Henderson v. Shinseki*, ___ U.S. ___, 131 S.Ct. 1197, 1203 (2011),  concluded the pre-litigation requirements, and in particular, conciliation, are not jurisdictional requirements.  *Alia*, 2012 WL 393510 at *5-9.  According to the court:

> Under §2000e-5(f)(1), a court has discretion to stay any Title VII action "pending . . . further efforts of the [EEOC] to obtain voluntary compliance."  If Congress intended conciliation to serve as complete jurisdictional bar on the court's ability to hear a Title VII action, it seems inconsistent that Congress would afford a court discretion to determine whether a stay, as opposed to dismissal, is an appropriate remedy for rectifying incomplete conciliation. "Without jurisdiction the court cannot proceed *at all* in any cause." *Ex parte McCardle*, 74 U.S. 506, 515, 7 Wall. 506, 19 L.Ed. 264 (1869)(emphasis added).

*Id*. at *8.

The undersigned is persuaded by the reasoning in *Alia* that Title VII's conciliation requirement, while a precondition to suit, is not jurisdictional and that to the extent *EEOC v. Pierce Packing Co.*, 669 F.2d 605 (9th Cir. 1982), holds otherwise, it is inconsistent with current Supreme Court jurisprudence. Therefore, exercising its discretion, this court concludes a stay of EEOC's Title VII's claims is appropriate to allow for good faith and meaningful conciliation

**ORDER RE EVANS FRUIT CO., INC.'S MOTION FOR SUMMARY JUDGMENT - 15**

of those claims.[5]  A paramount consideration is that individual claimants should not be prejudiced as the result of a failing on the part of the EEOC. Another consideration is, as discussed, that from the outset of this lawsuit, it was known there was a likelihood that other class members would be identified and added as claimants.[6]

Of course, conciliation is usually an administrative procedure whereby there is a give and take between the EEOC and the employer.  There is seemingly no basis or reason for concluding that the only manner by which EEOC can discharge its conciliation obligation is through the administrative process, as opposed to another process such as judicially-supervised mediation.  And apart from Title VII, including specifically 42 U.S.C. Section 2000e-

---

[5] It is noted that since the conciliation process ended over three years ago and this lawsuit began, the scope of the allegations of sexual harassment has considerably expanded.  Not only have class members been added, allegations of sexual harassment have been made against a number of crew leaders and/or co-workers who were not specifically identified during conciliation. Furthermore, harassment is alleged to have occurred after conciliation ended and even after the lawsuit was commenced in June 2010.

[6] In *CRST*, the Eighth Circuit found the district court did not abuse its discretion in dismissing the claims at issue, rather than staying them.  2012 WL 1583026 at *12.  Compare *EEOC v. First Midwest Bank, N.A.*, 14 F.Supp.2d 1028, 1033 (N.D. Ill. 1998) (EEOC's effort indicated a lack of good faith in the conciliation process and therefore, court stayed action for 60 days so parties could participate in good faith conciliation).

**ORDER RE EVANS FRUIT CO.,
INC.'S MOTION FOR SUMMARY JUDGMENT - 16**

5(f)(1), this court has inherent authority to compel litigants to participate in mediation. *In re Atlantic Pipe Corp.*, 304 F.3d 135, 143-145 (1st Cir. 2002). In *Atlantic Pipe*, the First Circuit noted:

> In some cases, a court may be warranted in believing that compulsory mediation could yield significant benefits even if one or more parties object.
>
> . . .
>
> This is particularly true in complex cases involving multiple claims and parties. The fair and expeditious resolution of such cases often is helped along by creative solutions- solutions that simply are not available in the binary framework of traditional adversarial litigation. Mediation with the assistance of a skilled facilitator gives parties an opportunity to explore a much wider range of options, including those that go beyond conventional zero-sum resolutions. Mindful of these potential advantages, we hold that it is within a district court's inherent power to order non-consensual mediation in those cases in which that step seems reasonably likely to serve the interests of justice.

*Id*. at 144-45.

Considering the state law claims asserted by the Plaintiffs-Intervenors against Evans Fruit and the Defendants-Intervenors, the captioned matter assuredly qualifies as "a complex case[] involving multiple claims and parties." For the reasons stated in open court, the court believes this is a case in which mediation is appropriate and could "yield significant benefits," particularly since the parties appear willing to engage in the judicially-supervised mediation contemplated by the court.

**CONCLUSION**

Plaintiff EEOC's Motion For Partial Summary Judgment (ECF No. 549) is **DENIED**. Evans Fruit Co., Inc.'s Motion For Summary Judgment (ECF No. 568) is **GRANTED** to the extent the court finds as a matter of law that EEOC

**ORDER RE EVANS FRUIT CO.,
INC.'S MOTION FOR SUMMARY JUDGMENT - 17**

did not engage in a "good faith" conciliation effort. By separate order, the court will direct all of the parties to participate in a mediation to be conducted by the Honorable Michael E. Hogan, U.S. District Judge, District of Oregon. The court will not compel the parties to address as part of the mediation the related lawsuit, CV-11-3093-LRS, but they may jointly agree it is beneficial to do so.

Pending completion of mediation and/or further order of the court, all proceedings in the captioned matter, are **STAYED**. The June 18, 2012 trial date and all remaining pre-trial dates (ECF Nos. 211 and 534) are **VACATED**. Rulings upon the balance of Evans Fruit's Motion For Summary Judgment (ECF No. 568) and all other pending motions (ECF Nos. 552, 559, 564, 684, 691, 702, 706) are **STAYED** pending completion of mediation and/or further order of the court.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this order and to provide copies to counsel of record.

**DATED** this ___24th___ day of May, 2012.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
United States District Court Judge

**ORDER RE EVANS FRUIT CO.,
INC.'S MOTION FOR SUMMARY JUDGMENT - 18**