1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

   Plaintiff,

 and

ELODIA SANCHEZ, DANELIA
BARJAS, and CECILIA LUA,

  Plaintiffs-Intervenors,

 v.

EVANS FRUIT CO., INC.,

   Defendant,

JUAN MARIN and ANGELITA
MARIN, a marital community,

  Defendant-Intervenors.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. CV-10-3033-LRS

**ORDER GRANTING
MOTION FOR DISMISSAL**

  **BEFORE THE COURT** is Defendant-Intervenor Juan Marin's "Motion For Dismissal" (ECF No. 996). This motion is heard without oral argument.

## I.  BACKGROUND

  In their "Second Amended Complaint In Intervention," (ECF No. 436), the Plaintiffs-Intervenors, Elodia Sanchez, Danelia Barjas, and Cecilia Lua,

**ORDER GRANTING
MOTION FOR DISMISSAL-  1**

asserted  Washington Law Against Discrimination (WLAD) claims, RCW 49.60.030 and RCW 49.60,180, against Defendant Evans Fruit Co., Inc., and Defendant-Intervenor Juan Marin.  The complaint alleged that each of the Plaintiffs-Intervenors, during the course of their employment by Evans Fruit, was sexually harassed by "Evans Fruit Farm Manager," Juan Marin. The complaint alleged that Marin "was at all time relevant to [the] complaint acting in the course and scope of his duties and was at all times acting for and on behalf of Evans Fruit."

On February 20, 2013, this court entered an order (ECF No. 838) severing Plaintiffs-Intervenors' WLAD claims against Marin from their WLAD claims against Evans Fruit.  It was contemplated there would be a separate trial of the claims against Marin which would follow the trial of the claims against Evans Fruit.  Jury trial of the Plaintiffs-Intervenors' Title VII, WLAD and negligence claims against Evans Fruit commenced on March 18, 2013.  On April 3, the jury returned a verdict finding that none of the Plaintiffs-Intervenors established by a preponderance of the evidence that she was subjected to a sexually hostile work environment while employed at Evans Fruit.  (ECF No. 982).

Based on this jury verdict, Defendant-Intervenor Marin contends Plaintiffs-Intervenors' WLAD claims against him are barred under the doctrines of claim and/or issue preclusion and that he is entitled to dismissal of those claims as a matter of law.


## II. DISCUSSION

The res judicata effect of federal court judgments is a matter of federal law.  *Robi v. Five Platters, Inc.*, 838 F.2d 318, 322 (9th Cir. 1988).  The doctrine of res judicata includes two distinct types of preclusion:  claim preclusion and issue preclusion.  *Id.* at 321.

Under the doctrine of claim preclusion, a final judgment on the merits of

**ORDER GRANTING
MOTION FOR DISMISSAL-      2**

1  an action precludes the parties or persons in privity with them from relitigating
2  the same claim that was raised in that action (all claims arising out of that same
3  transaction or occurrence).  *Taylor v. Sturgell*, 553 U.S. 880, 892, 128 S.Ct.
4  2161 (2008).  Claim preclusion "treats a judgment once rendered, as the full
5  measure of relief to be accorded between the same parties on the same 'claim'
6  or 'cause of action.'" *Kaspar Wire Works, Inc. v. Leco Eng'g & Mach., Inc.*, 575
7  F.2d 530, 535 (5th Cir. 1978).

8         Under the doctrine of issue preclusion, factual or legal issues necessarily
9  adjudicated in an earlier action or proceeding may be entitled to preclusive
10 effect in a later lawsuit on a different claim.  The effect may be to bar
11 relitigation of those issues, if not the entire claim.  *Arizona v. California*, 530
12 U.S. 392, 414, 120 S.Ct. 2304 (2000).  The doctrine applies where the issues in
13 both proceedings are identical; the issue in the prior proceeding was actually
14 litigated and actually decided; and the issue was essential to support a valid and
15 final judgment on the merits.  *Grieve v. Tamerin*, 269 F.3d 149, 153 (2nd Cir.
16 2001).  The party against whom the doctrine is invoked must have been a party,
17 or in privity with a party, to the prior proceeding, and that party must have had a
18 full and fair opportunity to litigate the issue in the prior proceeding.  *Dodge v.
19 Cotter Corp.*, 203 F.3d 1190, 1198 (10th Cir. 2000).

20        Plaintiffs-Intervenors' WLAD claims against Evan Fruit are
21 distinguishable from their WLAD claims against Marin in only one narrow
22 respect: Plaintiffs-Intervenors pursued their claims against Evans Fruit as their
23 employer and their claims against Marin as their supervisor.  To prevail on a
24 sexual harassment claim against an employer for the misconduct of a supervisor,
25 a plaintiff must prove the employer knew or should have known about the
26 harassment and failed to take reasonably prompt and corrective action.  *Brown
27 v. Scott Paper Worldwide Company*, 98 Wn.App. 349, 359, 989 P.2d 1187
28 (1999).  To prevail on a claim against an individual supervisor, a plaintiff need

**ORDER GRANTING
MOTION FOR DISMISSAL-        3**

1 only establish that the supervisor, while acting as an "employer" under RCW

2 49.60.040(11)[1], sexually harassed the employee.  *Id*.  The plaintiff "need not

3 also prove that the overall employer knew or should have known about the

4 harassment and failed to take remedial action reasonably calculated to end the

5 harassment." *Id*.  This distinction between employer liability and individual

6 supervisory liability is irrelevant, however, if there was no sexual harassment by

7 the supervisor.  In the trial against Evans Fruit, the jury concluded, after hearing

8 Plaintiffs-Intervenors' testimony regarding what they assert Juan Marin said

9 and/or did to them, that they had not been sexually harassed by Marin (that they

10 had not been "subjected to a sexually hostile work environment while employed

11 at Evans Fruit").  As such, the jury did not address the question of whether there

12 was liability on the part of Evans Fruit under the WLAD.  (See Questions Nos. 5

13 and 6 of Special Verdict From, ECF No. 982).  If there is no sexual harassment,

14 there can be no liability on the part of either the employer or the supervisor.

15 Because of the jury's threshold determination (Question No. 1) that Plaintiffs-

16 Intervenors were not subjected to a sexually hostile work environment, even if

17 Marin had been tried along with Evans Fruit, it would not have been possible,

18 contrary to the assertion of Plaintiffs-Intervenors, "that a jury could have found

19 Defendant Juan Marin liable and Defendant Evans Fruit not liable."

20 Because of the verdict in the trial against Evans Fruit, the Plaintiffs-

21 Intervenors are precluded from pursuing in a separate trial what is, for all intents

22 and purposes, the same WLAD claim against Marin.  The employer-employee

23 relationship between Evans Fruit and Marin is sufficient to establish "privity"

24 between them.  Plaintiffs-Intervenors sought to impose vicarious liability on

25 Evans Fruit for alleged sexual harassment by its employee, Marin.  Restatement

26 (Second) of Judgments §51 (1982) recognizes the privity between an employer

27

28   [1] "Employer' includes any person acting in the interest of an employer . . .."

**ORDER GRANTING
MOTION FOR DISMISSAL-    4**

and an employee for preclusion purposes.[2]  It states:

> If two persons have a relationship such that one of them is vicariously responsible for the conduct of the other, and an action is brought by the injured person against one of them, the judgment in the action has the following preclusive effects against the injured person in a subsequent action against the other.
>
> (1) A judgment against the injured person that bars him from reasserting his claim against the defendant in the first action extinguishes any claim he has against the other person responsible for the conduct unless:
>
> (a) The claim asserted in the second action is based upon grounds that could not have been asserted against the defendant in the first action; or
>
> (b) The judgment in the first action was based on a defense that was personal to the defendant in the first action.

Here, the WLAD claims asserted against Marin are not "based upon grounds" that could not have been asserted against Evans Fruit.  Not only "could" they have been asserted, they were asserted.  The evidence presented by the Plaintiffs-Intervenors at the trial against Evans Fruit regarding Marin's alleged sexually harassing conduct, for which Plaintiffs-Intervenors sought to hold Evans Fruit vicariously liable, is precisely the same evidence they would present at a trial against Marin seeking to hold him liable in his individual supervisory capacity.  Furthermore, the verdict for Evans Fruit was not "based on a defense that was personal" to Evans Fruit.  It was unnecessary for the jury to consider any of Evans Fruit's defenses to liability for Marin's alleged conduct since the jury found, as a threshold matter, that none of the Plaintiffs-Intervenors were subjected to a sexually hostile work environment.

In *Brown*, the plaintiff's claims of sexual harassment and sexual discrimination against her employer (Scott Paper) were tried to a jury which rendered a verdict in favor of the defense.  Six managers of the company contended this jury verdict barred the plaintiff from making identical sexual

---

[2] See comment "a" to §51.

**ORDER GRANTING**
**MOTION FOR DISMISSAL-      5**

1    harassment and sexual discrimination claims against them.  The Washington

2    Court of Appeals held that plaintiff was not barred from proceeding with her

3    claims against the managers because "[g]iven the various defenses presented by

4    Scott Paper at trial, and the **general verdict**, we cannot determine from the

5    record that the defense verdict was not based on a defense that was personal to

6    Scott Paper."  98 Wn.App. at 359 (emphasis added).

7         A special verdict form was used in the trial against Evans Fruit.  The jury

8    did not render a general verdict.  From the special verdict form, it can

9    conclusively be determined that the verdict for Evans Fruit was not based on a

10   defense that was personal to Evans Fruit.  The verdict was based on a defense

11   equally applicable to both Evans Fruit and Marin- that the alleged conduct by

12   Marin did not occur, or  to the extent it did, it was not severe or pervasive

13   enough to result in any of the Plaintiffs-Intervenors being subjected to a

14   sexually hostile work environment.

15        Because of the general verdict in *Brown*, the court identified several

16   possible  grounds on which the jury could have found in favor of Scott Paper

17   including: (1) plaintiff failed to persuade the jury that she was subjected to

18   sexual discrimination or harassment at all, by anyone, including the six

19   managers; (2) Scott Paper persuaded the jury that any sexual conduct in the

20   workplace was welcomed by plaintiff, even initiated by her, so that she was not

21   subjected to a hostile work environment based on her gender; or (3) plaintiff

22   persuaded the jury she was subjected to sexual discrimination and harassment,

23   including discrimination by the six managers, but Scott Paper persuaded the jury

24   that she failed to complain at the appropriate managerial level, and when she

25   finally did, Scott Paper took prompt and adequate action.  98 Wn.App at 362-

26   63.  The *Brown* court noted:

27            Under the first and second possibilities, assuming, of
             course, that Brown presented all of the evidence at trial
28            that she could have presented to support her claims

**ORDER GRANTING**
**MOTION FOR DISMISSAL-    6**

against the individual managers- something we cannot ascertain from the trial transcript- Brown would be precluded from proceeding with her claim against the managers by the doctrines of res judicata and collateral estoppel; but under the third possibility Brown's claims against the six managers would survive because the defense of prompt and adequate action is personal to Scott Paper, its liability being of a vicarious nature.

*Id*. at 363.

Because of the special verdict in the trial against Evans Fruit, only one possibility exists: each of the Plaintiffs-Intervenors failed to persuade the jury that she was subjected to sexual harassment by Marin.[3]  Plaintiffs-Intervenors fail to offer any reason why they would not have presented all of their evidence in support of their WLAD claims against Marin in order to prevail on their WLAD claims against Evans Fruit.  Plaintiffs-Intervenors do not identify any additional evidence they would present against Marin in a separate trial that they did not already present in the trial against Evans Fruit.  Accordingly, Plaintiffs-Intervenor's WLAD claims against Marin are precluded.  For the reasons set forth above, allowing a separate trial to proceed against Marin on the WLAD claims asserted against him by Plaintiffs-Intervenors would result in a relitigation of those same claims in light of the evidence presented and the verdict rendered in the trial against Evans Fruit.

Plaintiffs-Intervenors' WLAD claims against Marin are barred by the doctrine of claim preclusion, but even assuming the WLAD claims against him and Evans Fruit are somehow materially distinguishable, the doctrine of collateral estoppel would nonetheless preclude relitigation in a trial against Marin of the issue of whether he subjected any of the Plaintiffs-Intervenors to a sexually hostile work environment.  That precise issue was actually litigated and

---

[3] It is the court's recollection that nothing in the evidence suggested that any of the Plaintiffs-Intervenors welcomed or initiated sexual conduct in the workplace.

**ORDER GRANTING**
**MOTION FOR DISMISSAL-      7**

decided in the trial against Evans Fruit, and it was essential to the verdict rendered in that trial.  Plaintiffs-Intervenors had a full and fair opportunity in the Evans Fruit trial to establish that Marin subjected them to a sexually hostile work environment.

The severance of the WLAD claims against Marin from the WLAD claims against Evans Fruit did not deprive Plaintiffs-Intervenors of a full and fair opportunity to prove they were subjected to a sexually hostile work environment by Marin.  The severance was granted because of concern that although there were only three claims asserted against Marin personally (the claims of the Plaintiffs-Intervenors), a jury assessing those claims would likely take into account that a significant number of the EEOC class members asserting Title VII claims against Evans Fruit alleged they too were sexually harassed by Marin.  Nonetheless, it is noted that although Marin was not a defendant in the trial which took place, the jury still heard the allegations against Marin by the Plaintiffs-Intervenors in conjunction with the allegations against him by a majority of the other EEOC class members.[4]  Plaintiffs-Intervenors have cited no authority for the specific proposition that a party who moves for a severance which is granted and creates separate trials on the same claim is presumptively barred from invoking claim or issue preclusion regarding the outcome of the first trial.[5]

///

///

_____

[4] Plaintiffs-Intervenors were also EEOC class members who asserted Title VII claims against Evans Fruit.

[5] A party who moves for a severance does not necessarily "acquiesce" to the splitting of a claim as referred to in exception (1)(a) to Restatement (Second) of Judgment, §26 (1982).

**ORDER GRANTING
MOTION FOR DISMISSAL-    8**

**III.  CONCLUSION**

Defendant-Intervenor Juan Marin's "Motion For Dismissal" (ECF No. 996) is **GRANTED**.   Plaintiffs-Intervenor's WLAD claims against Marin are **DISMISSED with prejudice** on the basis of either claim or issue preclusion.

Because of the dismissal of these claims, the court hereby **VACATES** the final judgment it certified pursuant to Fed. R. Civ. P. 54(b).  (ECF Nos. 989 and 990).  Rule 54(b) certification is no longer necessary as there has now been adjudication of all claims against all Defendants.  The District Executive shall enter a new Judgment indicating that pursuant to a decision of the court and the jury verdict, Defendant Evans Fruit is awarded judgment on all claims asserted against it by Plaintiff EEOC and by Plaintiffs-Intervenors; and that pursuant to a decision of the court, Defendants-Intervenors Juan and Angelita Marin are awarded judgment on all claims asserted against them by Plaintiffs-Intervenors.

**IT IS SO ORDERED.**  The District Court Executive is directed to enter Judgment accordingly and forward copies of it and this order to all counsel of record.

**DATED** this___22nd___ day of July, 2013.


*s/Lonny R. Suko*
_____
LONNY R. SUKO
United States District Judge

**ORDER GRANTING
MOTION FOR DISMISSAL-       9**